(Supreme Court, Appellate Division, First Department.   November 6, 1903.)

1. BILLS AND NOTES—CHECKS—TRANSFER WITHOUT INDORSEMENT—ANSWER—
   AMENDMENT.
   Negotiable Instrument Law, § 323 (Laws 1897, p. 756, c. 612), provides that, where a check is certified by the bank on which it is drawn, the certificate is equivalent to an acceptance; and section 79 (Laws 1897, p. 731, c. 612) declares that where the holder of an instrument payable to his order transfers it for value, without indorsement, the transfer vests in the transferee the title of the transferror. *Held*, that where a check drawn to the payee's order was transferred without indorsement, and then certified, and the bank's answer in an action thereon, denying information sufficient to form a belief, etc., was stricken out as frivolous, it was error for the court to refuse to permit the bank to file an amended answer denying information as to whether the payee had transferred the check to plaintiff for value.

84 N.Y.S.—21

Appeal from Special Term, New York County.

Action by Max Meuer against the Phenix National Bank. From a judgment on an order overruling defendant's answer as frivolous, and from an order denying defendant's motion for leave to amend its answer, and granting plaintiff's motion for judgment on the answer as frivolous, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Forsyth Wickes, for appellant.

Joel M. Marx, for respondent.

INGRAHAM, J. The action was brought on a check drawn on the defendant, a national bank, to the order of one Edla M. Muir, and thereafter, at the request of the plaintiff, certified by the defendant. The complaint alleges that on the 12th day of December, 1901, one Arthur Johns made his check, directed to the defendant, requiring it to pay to the order of one Edla M. Muir the sum of $1,303.65, and delivered the same to the said Edla M. Muir; that on or about the 29th day of December the said Muir, for value, transferred the check by delivery to the plaintiff; that thereafter, and on the 15th day of January, 1902, at the request of the plaintiff, who then and there was the owner and holder of said check, it was presented to the defendant for certification, and the defendant, in writing, certified the same payable through the New York Clearing House; that thereafter, and prior to the commencement of the action, the check was presented to the defendant for payment through the said clearing house, and to the defendant direct, but no part thereof had been paid. To this complaint the defendant interposed an answer which denies "that it has information sufficient to form a belief as to each and every the allegations in paragraph second, third, fourth, and fifth of the complaint contained." Upon this answer the plaintiff moved for judgment, whereupon the defendant, upon affidavit and a proposed amended answer, obtained an order to show cause why the defendant should not have leave to serve the amended answer annexed to the motion papers. Annexed to these papers was an affidavit of the cashier of the bank and of one of the bank's attorneys stating that the words "any knowledge or" were omitted from the answer through inadvertence. In answer to that application to amend there was submitted an affidavit of the plaintiff's attorney which stated that the defendant bank and its cashier knew all the facts connected with these proceedings, "because deponent, prior to instituting this suit, called upon said cashier and showed him said check, with the certification of the defendant bank, and the defendant bank has a record of said check in its certification book." This affidavit is not denied by the defendant.

It is conceded that the answer, as interposed, was frivolous, and the only question upon this appeal is as to whether the defendant bank should be allowed to interpose an amended answer sufficient to put at issue the allegation of the complaint. Section 323 of the negotiable instrument law (chapter 612, p. 756, Laws 1897) provides, "Where a check is certified by the bank on which it is drawn the cer-

tificate is equivalent to an acceptance." Section 79 of the negotiable instrument law (Laws 1897, p. 731, c. 612) provides that, "where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferror had acquired therein." This defendant bank must have knowledge as to whether or not it certified this check, whether it was presented to it for payment, and whether it refused such payment, but it cannot be charged with knowledge that the payee of the check had transferred it to the plaintiff for value. The defendant was entitled to have that fact proved before being compelled to pay a check not indorsed by the payee.

For this reason the order denying the motion to allow the defendant to serve an amended answer should be reversed, and the motion granted, allowing the defendant to serve the answer upon payment of all costs in the action and $10 costs of motion, without costs of this appeal, and the judgment should be set aside. The defendant also appeals from the order which awarded judgment on the original answer as frivolous. As the defendant does not claim that that answer was sufficient to raise any issue, that order should be affirmed, with $10 costs and disbursements. All concur.