Chelsea Exchange Bank, Appellant, *v.* Signono C. Munoz, Respondent.

First Department, July 14, 1922.

Judgments — summary judgment — test as to whether pleadings present issue of fact — motion under Rules of Civil Practice, rule 113, for summary judgment denied in action on promissory note, where answer denied that plaintiff was holder in due course and set up counterclaim.

A summary judgment cannot be granted under rule 113 of the Rules of Civil Practice, where there is any issue of fact to be tried under the answer, whether that issue is based upon a denial, an affirmative defense or a counterclaim.

A motion by the plaintiff for summary judgment in an action on a promissory note is properly denied, where the answer contains a denial that the plaintiff is

a holder in due course and in addition sets up a counterclaim based upon an agreement executed in the name of the plaintiff's president, and it appears under the circumstances set forth in an affidavit by the defendant, that the president while ostensibly acting as an individual, acted as the agent of the plaintiff.

APPEAL by the plaintiff, Chelsea Exchange Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of February, 1922, denying plaintiff's motion under rule 113 of the Rules of Civil Practice for summary judgment.

*Toney A. Hardy* of counsel [*Lamar Hardy, Selig Edelman* and *David Brady* with him on the brief], for the appellant.

*Guggenheimer, Untermyer & Marshall* [*Irwin Untermyer* of counsel], for the respondent.

GREENBAUM, J.:

The answer and the defendant's affidavit deny that the plaintiff is now the holder of the notes in suit and in addition set up a counterclaim based upon an agreement executed in the name of the plaintiff's president, under circumstances set forth in defendant's affidavit, from which it may be inferable that the president while ostensibly acting as an individual acted as the agent of the plaintiff.

The first question presented is whether rule 113 may be invoked where the answer contains a counterclaim. The learned Special Term justice ruled that the rule applied only to defenses and not to counterclaims. Rule 113 provides for the striking out of the " answer." Section 260 of the Civil Practice Act reads: " The only pleading, on the part of the defendant, is an answer." Section 261 reads: " The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counterclaim."

A strict reading of the provisions just quoted would seem to justify the reasoning that since the counterclaim is embraced in an answer and that since an answer may be stricken out under rule 113, that rule is alike applicable to a counterclaim and to a defense. But this court has pointed out in *Dwan* v. *Massarene* (199 App. Div. 872) that an issue of fact which is raised by the moving and opposing affidavits should be remitted to the trial for determination and not be summarily decided·upon affidavits. At page 879 it is stated: " The court is not authorized to try the issue, but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury. Plaintiff's affidavit must state such facts as are necessary to establish a good cause of action. It will not be sufficient if it verifies only a portion of the cause of action, leaving

out some essential part thereof. It must state the amount claimed, and his belief that there is no defense to the action. The defendant must show that he has a *bona fide* defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof. He cannot shelter himself behind general or specific denials, or denials of knowledge or information sufficient to form a belief. He must show that his denial or his defense is not false and sham, but interposed in good faith and not for delay. If he shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend, this court will not review the order, as we consider that no substantial right of the plaintiff has been violated." The test is, as stated in the *Dwan Case* (*supra*), Is there an issue of fact to be tried under the answer, *i. e.*, whether based upon denial, defense or counterclaim?

In England a rule of similar effect has been in force for many years. (Order XIV, rule I, Rules of Supreme Court, 1883.)

A review of the decisions of the English courts construing order XIV is illuminative.

In *Court* v. *Sheen* (7 Times L. Rep. 556) we find the following: " This case raised a question as to the right of a plaintiff to have a judgment at once for the amount of items of claim admitted; the defendant setting up a counterclaim to a larger amount. The plaintiff claimed £700 for money lent, and it was stated as to most of the amount that the checks were producible. The defendant admitted certain items to the amount of over £100, but set up a counterclaim to a much larger amount. The judge at chambers made an order for unconditional leave to defend. The plaintiff appealed.

" Mr. Dodd, on his part urged that under Rule 4 of Order XIV, when an amount was admitted the plaintiff was entitled at once to judgment for the amount admitted. Mr. Poulter, for the defendant, urged that the amount was not admitted unconditionally, as a counterclaim to a larger amount was set up.

" The court, in the result, took that view, and said it was clear that the plaintiff was not entitled to immediate judgment to the amount admitted, as it was only admitted subject to the counterclaim, which might turn out to be larger in amount. Appeal dismissed."

In *Saw* v. *Hakim* (5 Times L. Rep. 72) plaintiff sued on a check given to secure a loan by plaintiff to defendant. Defendant answered that the transaction was not a loan but payment by plaintiff to defendant. The facts are involved, complicating a third party drawer of the check sued upon. The court held, per Baron POLLOCK: " The general principle had been laid down, that if

a fair case for a defense was made out by the defendant, unless it was displaced by some undoubted documentary evidence, as an account showing a balance due or a letter promising to pay, the defendant ought to be allowed to defend. * * * It was an action in which there was *prima facie* a case for the plaintiff and *prima facie* a case for the defence and then as to facts the affidavits were entirely contradictory * * *." Summary judgment was not granted. MANISTY, J., concurred and said: " He had the greatest distrust of affidavits upon disputed questions of fact and would never consent to try such questions upon affidavit." He further said that such a procedure would pervert order 14. (Summary judgment.)

In *Sheppards & Co.* v. *Wilkinson & Jarvis* (6 Times L. Rep. 13) an action was brought by a broker to recover £7,500 advanced pursuant to agreements with the defendant, who in his answer set up these agreements and alleged breaches thereof, asking damages for the breach. The lower court had given leave to the defendant to defend upon paying into court the £7,500, but the Court of Appeal in this decision modified and changed the order as follows: " The Master of the Rolls said that the rule which had always been acted upon by this Court in considering cases under Order XIV was that the summary jurisdiction conferred by that order must be used with great care. A defendant ought not to be shut out from defending unless it was very clear indeed that he had no case in the action under discussion. There might be either a defense to the claim which was plausible, or there might be a counterclaim pure and simple. To shut out such a counterclaim if there was any substance in it would be an autocratic and violent use of Order XIV. The Court had no power to try such a counterclaim on such an application, but if they thought it so far plausible, that it was not unreasonably possible for it to succeed if brought to trial, it ought not to be excluded. If the counterclaim was for a less sum than that claimed, then judgment might be signed if there was no real defense, for so much of the amount of the claim as was not covered by the counterclaim; but if the counterclaim overtopped the claim and was really plausible, then the rule which had been often acted upon at Chambers, of allowing the defendant to defend without conditions was a right one. There were, however, circumstances which might call on the Court, as in the present case, to act differently. If it was clear that the claim must succeed, there was really no defense to it, and the plaintiff would only be put to expense in proving his claim, then there ought to be judgment on the claim, but the matter must be

**45**

so dealt with that the defendants who had a plausible counterclaim must not be injured. That could be done by staying execution on the judgment until the counterclaim had been tried. In the present case there was no doubt that the plaintiff was entitled to this £7,500 and there was no real defense to their claim * * *, they ought to have judgment for that amount. But, on the other hand, the defendants had a counterclaim which overtopped the amount claimed. * * * It was impossible to say that there was no prospect of the counterclaim succeeding. * * * Order must be varied by judgment being entered for the plaintiffs on the claim, but execution must be stayed until the trial of the counterclaim."

*Ford* v. *Harvey* (9 Times L. Rep. 328). On an appeal from an order allowing the defendants to defend conditionally upon payment of the amount of the claim into court, the Queen's Bench Division held that this condition was erroneously imposed as it was sufficient that " there was a *bona fide* complaint on the part of the defendants. * * * Whether, or how far, those were well founded, it was not necessary to inquire. It was enough to say that it was clear that there was a *bona fide* counterclaim and defense; and that very serious questions might arise which ought to go before a jury." The condition imposed was set aside.

*Anglo Italian Bank* v. *Davies* (38 L. T. Rep. 197) holds that summary judgment will be awarded the plaintiff, even though the defendant put in a counterclaim, where it is clear that the counterclaim was not connected with the cause of action, for " there is no fairly arguable point to be argued on behalf of the defendant," under the circumstances. (JESSEL, M. R., affg. HALL, V. C.) In a concurring opinion THESIGER, L. J., says that if the counterclaim were connected with the cause of action, it might be set up as a defense even to a liquidated claim on a bill of exchange.

The issues in the instant case are discussed in briefs of counsel covering about forty pages each upon two questions of law: (1) Whether the contract pleaded in the counterclaim being under seal would only bind the parties mentioned therein so that it could not be shown that the bank was the undisclosed principal of its president, and (2) whether the subject-matter of the counterclaim was *ultra vires* as to the plaintiff bank. Sufficient has been shown to indicate that this is not a case for summary judgment.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.