GALUSHA STOVE COMPANY, Plaintiff, v. PIVNICK CONSTRUCTION Co., INC., and Another, Defendants.

Supreme Court, Monroe County, June 7, 1928.

Bills and notes — action by indorsee on promissory note — allegation that plaintiff took note " with knowledge " of agreement between defendant and maker and that plaintiff and payee are same corporation raises no issue — summary judgment granted under Rules of Civil Practice, rule 113.

In an action on a promissory note brought by an indorsee thereof, the defendant pleaded that the transfer was not made for value and set up an agreement between the original parties to the note. On a motion for summary judgment, under rule 113 of the Rules of Civil Practice, the plaintiff alleged a transfer for value and in good faith, and the defendants met that allegation by a statement merely that the plaintiff took the note " with knowledge " of defects and that the plaintiff and the payee of the note are one and the same. The allegations of the defendants do not raise a triable issue, for it is necessary for the defendants to plead facts and not conclusions of law or of fact.

MOTION by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice, and motion by the defendants to change the place of trial.

John Van Voorhis' Sons, for the plaintiff.

Louis M. Brass, for the defendants.

RODENBECK, J. The complaint alleges the transfer of the note in question to the plaintiff for value and before maturity. The answer denies the transfer for value and sets up an agreement between the original parties to the note to repair or replace any gas ranges and gas stoves that were not in good condition. On the motion for summary judgment the plaintiff alleges that the note was transferred for value received and without notice of any fact tending to impair or affect the validity thereof. The defendants meet this allegation by the statement that the plaintiff took the note " with knowledge " of the claim for any defects. This is a mere conclusion. The basis of the statement, as alleged, is that the plaintiff and the Coalecon Company, Inc., are one and the same, having the same office, and that the defendants " understand " that the two companies are one and the same, and that their claim was known by the officials of the plaintiff. These statements are insufficient to raise an issue. The defendants should state the facts showing that the plaintiff was not a holder in due course, so as not to cut off the defenses between the original parties. (Neg. Inst. Law, §§ 91 et seq.) The affidavit of Israel

Supreme Court, June, 1928.      [Vol. 132

S. Sherman states that he has " knowledge " that the plaintiff and the Coalecon Company, Inc., are one and the same, which is a conclusion, the basis for this knowledge being that the plaintiff had bought out the Coalecon Company and that the companies are the same, due to the fact that the stock is owned by the same family. This is not sufficient to show that the corporations are not distinct. The defendants seek to charge the plaintiff with not being a *bona fide* holder in due course of the note in suit, so that they may interpose an agreement between the original parties to the note and should, when this defense is challenged, show by allegations of facts and not by conclusions of fact or of law that they have a *bona fide* defense.

Motion for summary judgment granted, and motion to change place of trial denied, with ten dollars costs in each motion.