WILLIAM NEIL SMITH and Others, Appellants, *v.* CRANLEIGH, INC., Respondent.

First Department, November 2, 1928.

*Max Rothenberg* of counsel [*Arthur Leventhal* with him on the brief], for the appellants.

*Irving Zion* of counsel [*Milton J. Levitt* with him on the brief; *Herman Goldman,* attorney], for the respondent.

O'MALLEY, J. On their motion for summary judgment the plaintiffs submitted proof, which stands uncontradicted, fully establishing the assignments made to them in writing of all of the notes sued upon by each of the several payees and thus their right to maintain the action.

The order denying the motion for summary judgment was made in deference to a prior decision which held that plaintiffs were required to allege and prove presentment to the defendant of the assignments by the payees to the plaintiffs as a condition precedent to their right to sue. We think this was an erroneous view and that the plaintiffs were not required to assume such a burden. They

were required merely to allege and prove that they were holders and entitled to sue. If the defendant wished to have such issue raised it should have presented it by its answer, and in addition supported it on this motion with evidence sufficient to raise a triable issue with respect thereto.

The case of *Meuer* v. *Phenix National Bank* (87 App. Div. 281), relied upon by respondent, is merely to the effect that where the maker of a negotiable instrument is sued by one claiming through a payee who has not indorsed the instrument, such maker is entitled to have plaintiff prove his ownership in the action. It does not hold that evidentiary proof of such ownership is requisite as a right to payment. Plaintiffs' title and right to sue are now made clear and the defendant has failed to offer proof to show a triable issue with respect thereto.

The defenses of lack of capacity to sue and misjoinder are without merit. Plaintiffs may sue in their individual capacity, even though they may be required under the terms of the assignments to hold the proceeds as trustees. Defendant's counterclaim, assuming it to have been one that properly may be interposed, is unsupported by facts tending to show that it is meritorious or that the defendant is entitled to defend by virtue thereof. The presence of such counterclaim in and of itself is not a bar to relief under rule 113 of the Rules of Civil Practice. (*Chelsea Exchange Bank* v. *Munoz*, 202 App. Div. 702; *Columbia Graphophone Co.* v. *Leviten*, 209 id. 215, 216.)

It follows that the orders should be reversed, with ten dollars costs and disbursements, plaintiffs' motion for summary judgment granted, and defendant's motion to strike out the reply denied, with ten dollars costs as to each motion.

Dowling, P. J., Merrell, Martin and Proskauer, JJ., concur.

In each appeal: Order reversed, with ten dollars costs and disbursements. Motion for summary judgment granted, with ten dollars costs.

Motion to strike out reply denied, with ten dollars costs.