[C. A. No. 276. Appellate Department, Superior Court, Los Angeles County.—January 28, 1931.]

COWAN OIL AND REFINING COMPANY (a Corporation), Respondent, v. MILEY PETROLEUM CORPORATION, LTD. (a Corporation), Appellant.

[1 Cal. Supp. 102.]

774

McAdoo, Neblett & Claggett for Appellant.

M. D. Andrews for Respondent.

SHAW, J.—Defendant filed an answer in which is included a counterclaim. Thereafter plaintiff's motion to strike the answer and enter judgment under section 831d of the Code of Civil Procedure was granted, and judgment was entered against defendant for the amount sued for. From this judgment defendant appeals and in support of its appeal contends that section 831d is unconstitutional because it deprives the defendant of a jury trial (Const., art. I, sec. 7) and does not provide due process of law (Const., art. I, sec. 13); and further, that if section 831d is valid, an answer containing a complete and well-pleaded defense cannot be stricken out thereunder, and the counterclaim is a bar to proceedings under that section.

Section 831d was amended into its present form in 1929 (Stats. 1929, p. 857), and so far. as material here, reads as follows:

"When an answer is filed in an action to recover a debt or liquidated demand, if it is claimed that there is no defense to the action, on motion of plaintiff, supported by a verified complaint, or if not verified then by the affidavit of the plaintiff or of any other person having knowledge of the facts, the answer may be stricken out and judgment may be entered in the discretion of the court, unless the defendant by affidavit shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend.

"Such affidavit shall be made by the defendant, or by any other person, having knowledge of the facts, and shall set forth facts showing that the defendant has a good and substantial defense to the plaintiff's action (or to a portion thereof) upon the merits, as the deponent verily believes, and it shall appear in the affidavit that the facts pertaining

to the action have been fully and fairly stated to defendant's counsel, naming him, and that the defendant upon such statement has been advised by such counsel that he has a defense to the action (or to some portion thereof) upon the merits. The facts so stated shall be the personal knowledge of the affiant, shall be set forth in the affidavit with particularity, and the affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. If all facts relied upon as tending to establish such meritorious defense are not within the personal knowledge of one person, then such as are not within the knowledge of the person making the affidavit of merits shall be supported by the affidavit or affidavits of the person or persons qualified, as above, and said supporting affidavits shall be drawn with like particularity.

"If it appear that such defense applies only to a part of the plaintiff's claim, or that any part is admitted, the plaintiff may have judgment entered forthwith for so much of his claim as such defense does not apply to, or as is admitted, on such terms as may be just, and the cause of action may be severed accordingly. A judgment entered under this section is an appealable judgment, as in other cases."

While this section provides a form of procedure that is novel in this state, it is the same in general effect, but with some variations in details, as rules of practice established in New York and New Jersey, which require a defendant, on plaintiff's motion for judgment, to file in addition to his answer an affidavit showing "such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend." There is also a rule in the District of Columbia which is the same in purpose but varies slightly in its description of the contents of the required affidavit. All of these rules have been sustained by the courts against the objection that they infringe the constitutional right of trial by jury, on the ground that they do not provide for a trial of the issue but for the means of making an issue or determining whether there is an issue. (*General Inv. Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133 [139 N. E. 216]; *Hanna* v. *Mitchell,* 202 App. Div. 504 [196 N. Y. Supp. 43]; *Dwan* v. *Massarene,* 199 App. Div. 872 [192 N. Y. Supp. 577]; *Witteman* v.

*Giele,* 99 N. J. L. 478 [123 Atl. 716]; *Eisele* v. *Raphael,* 90 N. J. L. 219 [101 Atl. 200]; *Fidelity etc. Co.* v. *United States,* 187 U. S. 315 [47 L. Ed. 194, 23 Sup. Ct. Rep. 120]; *Cropley* v. *Vogeler,* 2 App. D. C. 28.)

In *General Inv. Co.* v. *Interborough R. T. Co., supra,* the court, upholding rule 113 of the New York rules of civil practice above referred to, said: "The argument that rule 113 infringes upon the right of jury trial guaranteed by the Constitution cannot be sustained. The rule in question is simply one regulating and prescribing procedure, whereby the court may summarily determine whether or not a *bona fide* issue exists between the parties to the action. A determination by the court that such issue is presented requires the denial of an application for summary judgment and trial of the issue by the jury at the election of either party."

In *Fidelity etc. Co.* v. *United States, supra,* the court, sustaining the rule of the District of Columbia Supreme Court, said: "If it were true that the rule deprived plaintiff in error of the right to trial by jury we should pronounce it void without reference to cases. But it does not do so. It prescribes the means of making an issue. The issue made as prescribed, the right of trial by jury accrues."

Appellant points out no particular in which this section is wanting in due process of law, and we see none. The District of Columbia rule was upheld against this objection also in *Fidelity etc. Co.* v. *United States, supra.* Judgment can be rendered under section 831d only on motion of the plaintiff and after a hearing. While nothing is expressly said in the section about notice of such a motion, we think its intention is to require such notice because it does expressly afford defendant an opportunity to make a showing by affidavit, which he might not be able to do were the motion to be made without notice (*Bohn* v. *Bohn,* 164 Cal. 532, 536 [129 Pac. 981]). This being so, sections 1005 and 1010 of the Code of Civil Procedure require the notice to be in writing and served at least five days before the motion, and provide how such notice must be served. The essentials of due process of law are that the party proceeded against shall have reasonable notice and opportunity to be heard, in an orderly

manner. (*People* v. *Troche*, 206 Cal. 35, 42 [273 Pac. 767].) Due process may include new methods of procedure, provided they are in harmony with the accepted underlying principles of such procedure according to the traditions of the common law. (*Fidelity etc. Co.* v. *United States, supra; People* v. *Troche, supra.*) ■ Moreover, the notice essential to due process of law is the original notice whereby the court acquires jurisdiction—in this case the summons by which the defendant was brought into court; the party has no constitutional right to demand notice of further proceedings thereafter, the question whether such notice shall be provided being a matter of legislative discretion. (*Gray* v. *Hall*, 203 Cal. 306, 318 [265 Pac. 246].) We think section 831d is immune to attack on any of the constitutional grounds urged.

■ Appellant cites a large number of cases holding that under the provision of our code authorizing the striking out of answers as sham, an answer which states and properly pleads a good defense cannot be stricken out, and other cases holding that a judgment upon the pleadings cannot be given if the answer presents any material issue on the allegations of the complaint or sets up any affirmative matter constituting a defense. None of these cases, however, involve any such provision as that found in section 831d. That section provides an entirely new procedure, as far as the codes of our state are concerned, the purpose of which is to eliminate all issues which have no basis in fact, no matter how well they may be pleaded in form. Under it, an answer may be stricken out, even though a perfect defense may be stated therein, unless the defendant by his affidavits shows facts to substantiate the defense.

■ Appellant further suggests that the presence of a counterclaim in his answer prevents the entry of judgment under section 831d. This question has been several times considered by the courts of New York under the provisions of their rule 113 above referred to; and it has been held there that a counterclaim is a part of the answer, and its presence is no bar to a motion for a summary judgment where it is unsupported by statements of fact in the affidavit tending to show that it is meritorious or that the defendant is entitled to defend by reason thereof. (*Chelsea Exchange*

*Bank* v. *Munoz*, 202 App. Div. 702 [195 N. Y. Supp. 484];
*Goodman* v. *Wallack*, 195 N. Y. Supp. 328; *Dell'Osso* v.
*Everett*, 199 Misc. Rep. 502 [197 N. Y. Supp. 423]; *Smith*
v. *Cranleigh*, 224 App. Div. 376 [231 N. Y. Supp. 201].)
In *Dell-Osso* v. *Everett*, *supra*, the trial court, while giving
judgment, stayed execution of it until disposition of the
counterclaim, and on appeal the appellate division reversed
the ·part of the order staying execution, allowing the judg-
ment to stand without any stay. (206 App. Div. 718 [200
N. Y. Supp. 840].) Section 437 of our Code of Civil Pro-
cedure contains the same provision on which these New
York authorities rely, making the counterclaim a part of
the answer, and we are, therefore, satisfied with the rule
of the New York cases and hold that the entire answer in-
cluding the counterclaim may be stricken out by proceedings
under section 831d.

From the record in this case it appears that the
defendant operated certain oil-wells and the plaintiff oper-
ated a plant for the extraction of gasoline from the natural
gas produced by oil-wells, and that, under a contract made
between predecessors in interest of the respective parties,
defendant was delivering gas from its oil-wells to the plain-
tiff for extraction of the gasoline therefrom. Plaintiff's
action is based upon a claim for dry gas claimed to have
been delivered by plaintiff to defendant in connection with
the operations under this contract. Defendant's counter-
claim is based upon a clause in the contract authorizing
the plaintiff to use a reasonable amount of the gas received
from defendant in the operation of the gasoline plant, and
upon allegations to the effect that the plaintiff had used an
unreasonable amount and thereby converted certain gas
to its own use, for the value of which defendant sought
judgment on its counterclaim. Appellant contends that the
counterclaim, although so labeled by it, is really a cross-
complaint, and therefore not subject to be stricken under
section 831d. But the counterclaim is well within the pro-
visions of sections 437. and 438 of the Code of Civil Pro-
cedure relating to counterclaims, and was properly labelled
by appellant.

In response to the motion for summary judgment,
the defendant filed an affidavit by its secretary, to which
he attached a complete copy of the contract above men-

tioned, and in which, after stating his construction of the contract, he made the following statement relating to the counterclaim: "That the plaintiff, Cowan Oil and Refining Company, a corporation, instead of using defendant's dry gas in reasonable quantities, as provided for in said lease, fraudulently converted and appropriated to its own use and benefit large quantities of dry gas in excess of any reasonable quantity or amount necessary to operate · its gasoline plant; that the quantity of defendant's dry gas in excess of any reasonable amount necessary to operate plaintiff's plant, so converted by plaintiff to its own· use, was of the value of $1897.35." This language is a copy of the answer, except for the words, "necessary to operate its gasoline plant" and the equivalent words a few lines below, and is the only statement in the affidavit purporting to support the counterclaim. The affidavit contains nothing in support of denials of the complaint which are contained in the answer. We think the statements quoted are insufficient to defeat the motion for judgment under section 831d. They are manifestly mere conclusions of law or, putting the most favorable construction upon them, they are perhaps conclusions of fact or ultimate facts. Neither conclusions of law, nor conclusions of fact, nor so-called ultimate facts are sufficient · to satisfy the requirements of this section. Not only does it require the defendant to show "such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend", but it also requires that "the facts so stated shall be the personal knowledge of the affiant, shall be set forth in the affidavit with particularity, and the affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto". The effect of these provisions is to require a defendant, in order to defeat .a motion for summary judgment, to present an affidavit or affidavits setting forth *evidentiary facts* sufficient, if accepted as true—as they must be for the purposes of the motion—to show that the defendant has a defense to the plaintiff's claim or to some part thereof. No witness could competently testify to the statements above quoted from the affidavit presented by defendant, in the form in which they are there made, and they are not evidentiary facts. To the rule just stated there may be exceptions in cases where a defendant presents to the court reasons sufficient

to show that in the exercise of the discretion vested in it by the section, it should deny the motion for summary judgment even though the defendant is unable to make such a showing in opposition thereto as the section requires. Such a case is not before us, as there is nothing of that kind in defendant's affidavit, and hence we do not pass upon the matter further than to call attention to the provision as to discretion and suggest that there may be cases where a proper exercise of that discretion would call for a denial of the motion with a view to a trial upon the merits.

Substantially the same question has arisen upon the New York rule regarding summary judgments, which does not expressly require that the facts be particularly stated, be within the personal knowledge of affiant, or be such as he can competently testify to, and it is there held that statements of ultimate facts or mere general or specific denials or conclusions of law, or anything other than statements of evidentiary facts are insufficient. (*O'Meara* v. *National Park Bank*, 239 N. Y. 386 [39 A. L. R. 747, 146 N. E. 636]; *Sher* v. *Rodkin*, 198 N. Y. Supp. 597; *Galusha Stove Co.* v. *Pivnik Construction Co.*, 132 Misc. Rep. 875 [230 N. Y. Supp. 720].) A statute and rule the same as section 831d also exist in Michigan and it is there held that mere conclusions in a defendant's affidavit are insufficient. (*Webster* v. *Pelavin*, 241 Mich. 19 [216 N. W. 430].)

The judgment appealed from is affirmed, with costs of appeal to respondent.

McLucas, P. J., and Bishop, J., concurred.