[L. A. No. 21602. In Bank. Oct. 27, 1950.]

A. B. COYNE, Respondent, v. MICHAEL KREMPELS, Appellant.

Jesse A. Hamilton and Joseph T. Forno for Appellant.

Jerrell Babb for Respondent.

TRAYNOR, J.—Defendant appeals from a summary judgment for plaintiff in an action for damages for breach of contract and from an order denying his motion to vacate the judgment. The action was brought against defendant and his wife, Pauline Krempels, but judgment was entered only against defendant and he alone appeals.

Plaintiff's complaint alleged that he and defendants entered into a written agreement that for 60 days from the date of execution of the agreement plaintiff would have the exclu-

sive right to sell a house bus owned by [a] defendants and that plaintiff would have the right to retain as commission on the sale any amounts received in excess of the agreed price of $4,500 therefor. It was further agreed that defendants would "park said bus for purposes of demonstration and sale at a place in the City of Los Angeles designated in the agreement." Plaintiff alleged that he procured buyers "ready, willing and able to purchase said bus for the sum of $8,500," and that he requested defendants to park the bus at the designated place so that it might be inspected by the prospective purchasers, but that defendants "have failed and refused, and still fail and refuse to perform the said contract on their side and have prevented, and do prevent, plaintiff from showing said bus for demonstration and sale and have withheld, and do now withhold, despite plaintiff's demand for access to said bus for purposes aforesaid, same from plaintiff at a place hidden and unknown to plaintiff." As a result of the alleged breach of contract, plaintiff lost a prospective sale of the house bus, to his damage in the amount of $4,000, for which he prayed judgment.

Defendants filed a verified answer, generally denying all of plaintiff's allegations. As an affirmative defense, they alleged that plaintiff had demanded that the bus be delivered to his home instead of the place designated in the agreement, and that he had refused to perform the contract unless the bus was so delivered. They also alleged that "plaintiff has at no time produced a buyer, ready, willing and able to pay the sum of $8,500 or any other sum for said bus, and plaintiff has never made demand upon defendants, or either of them; for said bus for the purpose of demonstration and sale."

Plaintiff then filed his motion for summary judgment under Code of Civil Procedure section 437c,* supported by affidavits of himself and one John Miller, setting forth the facts upon which the motion was based. Plaintiff's affidavit disclosed that before the execution of the agreement allegedly breached

---

*"In superior courts . . . when an answer is filed in an action . . . to recover an unliquidated debt or demand for a sum of money only arising on a contract express or implied in fact or in law . . . if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact."

by defendants he entered into an agreement with defendants by which he bought the bus for $4,500, of which $4,000 was to be paid within five days and the remaining $500 upon resale of the bus. Upon plaintiff's failure to pay any part of the purchase price, defendants brought suit therefor and secured a writ of attachment of the bus. The parties then entered into the present agreement, appended to the affidavit as an exhibit, by which plaintiff surrendered his right and title to the bus to defendants in consideration of their dismissal of their action with prejudice and their grant to plaintiff of the exclusive right to sell the bus under the terms and conditions set forth in the complaint. Thereafter plaintiff demanded of defendants and their attorney that they perform the terms of the agreement but they consistently refused to do so and denied plaintiff or his prospective purchasers access thereto. During the 60 days following the execution of the agreement, plaintiff had several buyers who agreed to purchase the bus, subject to examination, demonstration, and production of the certificate of title "at a price and under conditions which would have netted this plaintiff $4,000" in commission, but plaintiff was unable to sell the bus to any of the prospective buyers by reason of defendants' failure to produce it for examination and demonstration.

The affidavit of Miller, an employee of plaintiff's attorney, supported plaintiff's allegations with respect to the execution of the agreement, plaintiff's continually unsuccessful attempts to secure performance thereof by defendants, and his loss of several prospective purchasers willing to pay $8,500 for the bus. Defendants filed no affidavits in opposition to the motion, and their counsel stipulated that the motion might be submitted on the pleadings on file and plaintiff's affidavits, notwithstanding that the court on the papers on file before it indicated an intention to grant the motion. Twelve days elapsed after the submission of the motion before the court entered its order granting the motion, but defendants did not attempt to support their defense by affidavit or other proof. Judgment was thereupon entered for plaintiff in the amount of $4,000.

■ "The issue to be determined by the trial court in consideration of a motion [for summary judgment] is whether or not [plaintiff or] defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case." (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122

P.2d 264]; *Gardner* v. *Jonathan Club*, 35 Cal.2d 343, 347 [217 P.2d 961]; *Walsh* v. *Walsh*, 18 Cal.2d 439, 441 [116 P.2d 62]; *United States Fidelity & Guaranty Co.* v. *Sullivan*, 93 Cal.App.2d 559, 561 [209 P.2d 429].) ▮ Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts that, if proved, would be sufficient to sustain judgment in his favor, and defendant does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." (Code Civ. Proc., § 437c; *Hardy* v. *Hardy*, 23 Cal.2d 244, 245, 247 [143 P.2d 701]; *Gardenswartz* v. *Equitable Life Assur. Soc.*, 23 Cal.App.2d Supp. 745, 750, 751 [68 P.2d 322].)

▮ It is clear that plaintiff's affidavits and exhibit establish facts that, if true, state a cause of action for damages for breach of contract. The agreement provides that "Krempels hereby agrees to park said bus on the gas station property located on the Northeast corner of Third Street and Western Avenue, in the City of Los Angeles, State of California, or at some convenient location in the same neighborhood, and hereby grants to Coyne permission to show said bus at any time, as well as take said bus off the gas station property for the purpose of showing it to prospective buyers, and for no other purpose. Coyne is further granted permission to remove said bus at any time for the purpose of demonstrating same to a prospective purchaser, provided said bus is returned to said lot for at least one (1) hour during each day . . . Coyne is to pay all parking or storage charges for said bus during the said sixty (60) day period." The unequivocal terms of the agreement imposed solely on defendant the obligation of parking the bus at the gas station so that plaintiff might exhibit and demonstrate it to prospective purchasers. Plaintiff's only obligation with respect to the storage of the bus was to return it to the gas station at least one hour per day and to pay all parking and storage charges while the bus was parked there, but those obligations did not arise until defendant had performed his agreement to park the bus at the station. Plaintiff's affidavits alleged that defendant failed to perform his agreement despite repeated demands by plaintiff and his attorney that he do so, and that defendant's failure to make the bus available for exhibition and demonstration caused plaintiff to lose a sale thereof from which he would have derived a commission of $4,000. These allegations, if proved, would support a judgment for plaintiff. Since de-

fendant did not controvert them by counteraffidavit, no triable issue of fact was presented and the summary judgment was proper. (*Kelly* v. *Liddicoat*, 35 Cal.App.2d 559, 563 [96 P.2d 186].)

Defendant contends, however, that a triable issue of fact was presented by the general denial in his verified answer and by the allegation therein that "plaintiff has at no time produced a buyer, ready, willing and able to pay the sum of $8,500.00 or any other sum for said bus." It is his contention that if the allegations of fact in the affidavits in support of the motion for summary judgment are controverted by the denials in a verified answer, the motion must be denied even though the defendant files no affidavits in opposition thereto. In effect, it is contended that a motion for summary judgment cannot be granted unless the pleadings of the party opposing the motion are insufficient to state a cause of action or defense, for under defendant's contention a sufficient pleading raises a triable issue of fact requiring the denial of the motion.

So construed, section 437c would be meaningless. "It is not the purpose of the procedure under section 437c to test the sufficiency of the pleadings." (*Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 560 [122 P.2d 264].) If the pleadings are insufficient, the defect may be raised by demurrer or motion to strike, or by motion for judgment on the pleadings. The procedure for the entry of a summary judgment provides a method by which, if the pleadings are not defective, the court may determine whether the triable issues apparently raised by them are real or merely the product of adept pleading. The question therefore is not whether defendant states a good defense in his answer but whether he can show that the answer is not an attempt "to use formal pleading as means to delay the recovery of just demands." (*Fidelity & Deposit Co.* v. *United States*, 187 U.S. 315, 320 [23 S.Ct. 120, 47 L.Ed. 194]; *Kelly* v. *Liddicoat*, 35 Cal.App.2d 559, 561 [96 P.2d 186]; *Curry* v. *Mackenzie*, 239 N.Y. 267, 269 [146 N.E. 375].) Code of Civil Procedure, section 437c, therefore specifically provides that on motion for summary judgment a valid complaint may be dismissed or a valid answer stricken and the motion granted "unless the other party, *by affidavit or affidavits* shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." (Italics added.) Since under that section "an answer may be stricken out, even though a perfect defense may be stated therein, unless the defendant by his affidavits

shows facts to substantiate the defense'' (*Cowan Oil & Ref. Co. v. Miley Pet. Corp.*, 112 Cal.App.Supp. 773, 778 [295 P. 504]; *Eagle Oil & Ref. Co. v. Prentice*, 19 Cal.2d 553, 560 [122 P.2d 264]; *Grady* v. *Easley*, 45 Cal.App.2d 632, 641 [114 P.2d 635]; *General Inv. Co. v. Interborough Transit Co.*, 235 N.Y. 133, 142, 143 [139 N.E. 216]), a failure to file affidavits showing such facts cannot be remedied by resort to the allegations or denials of a verified answer. The answer may be stricken and judgment entered in accord with the uncontroverted allegations of plaintiff's affidavits. (*Kelly* v. *Liddicoat*, 35 Cal.App.2d 559, 562, 563 [96 P.2d 186]; *Bank of America* v. *Oil Well Supply Co.*, 12 Cal.App.2d 265, 270 [55 P.2d 885]; *Galusha Stove Co.* v. *Pivnick Const. Co.*, 132 Misc. 875 [230 N.Y.S. 720, 721].) Since plaintiff's affidavits set forth facts sufficient to sustain judgment in his favor and those facts are uncontroverted by affidavit or affidavits of defendant, summary judgment was proper. (*Curry* v. *Mackenzie*, 239 N.Y. 267, 269-270 [146 N.E. 375]; *Hardy* v. *Hardy, supra,* 23 Cal.2d 244, 247.)

Within 20 days after entry of the judgment, defendant filed a motion for relief under Code of Civil Procedure, section 473, on the ground that judgment was entered against him through mistake, inadvertence, and excusable neglect of his counsel. The motion was denied and defendant appeals from the order of denial.

█ A motion for relief under section 473 is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof the exercise of that discretion will not be disturbed on appeal. (*Schoenfeld* v. *Gerson,* 48 Cal.App.2d 739, 742 [120 P.2d 674]; *McNeil* v. *Blumenthal,* 11 Cal.2d 566, 567 [81 P.2d 566]; *Stub* v. *Harrison,* 35 Cal. App.2d 685, 689 [96 P.2d 979].) █ The order should not be reversed unless as a matter of law it is not supported by the affidavits in support of or in opposition to the motion. █ Defendant's counsel filed an affidavit in support of the motion, alleging that at the time the motion was filed he and plaintiff's counsel were negotiating a settlement of the action. Negotiations were not completed when the motion came on for hearing, and it was alleged that plaintiff's counsel represented that he would consent to a continuance so that defendant would not have to prepare affidavits in opposition, but thereafter plaintiff's counsel refused to consent to a continuance. These allegations were controverted by the affidavit of plaintiff's counsel that no continuance was contemplated, requested, or promised. Defendant's counsel did not request a continu-

ance at the hearing on the motion and he stipulated that the motion might be submitted on the records and files there presented although the court indicated its inclination to grant the motion. Although the matter was held under submission by the trial court for 12 days, defendant did not offer counter-affidavits or indicate that he could offer any. In view of these facts, we cannot say that the trial court abused its discretion in concluding that no proper showing of inadvertence or excusable neglect had been made.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.