Daniel J. O’Maea, J.
Plaintiff’s cause of action is based upon a written lease covering the period from August 1, 1951 to July 31,1956 containing a fixed minimum rental of $6,000 and an additional percentage rental of 3 per cent of the amount by which the gross sales made during each year of said term shall exceed the amount of $120,000 a year. The lease in question is a renewal of a prior lease containing the same terms, except that the base rental was increased from $3,300 a year to $6,000 a year, and the percentage rental was changed from 5 per cent of the excess of gross sales over $6,600 to 3 per cent of the excess over $120,000. The original lease covered the period from August 1, 1930 to July 31, 1951.
In the month of October, 1955 approximately nine months prior to the expiration of the lease, the defendant company terminated its business operations on the leased premises and *223 moved to another place of business across the street from the leased premises and continued in its new location to conduct the same business they had been conducting on the leased premises. The defendant company continued to pay the regular yearly rental up to and including the month of July, 1956. The plaintiff seeks to recover for the percentage rental covering the period from October, 1955 to and including the month of July, 1956, based upon the gross sales that would have been produced in the operation of defendant company’s business covering the period in question.
The defendant company is not entitled to summary judgment pursuant to rule 113 of the Buies of Civil Practice unless it clearly appears that no material and triable issue is presented. (Chelsea Exch. Bank v. Munoz, 202 App. Div. 702; Fredburn Constr. Corp. v. City of New York, 280 N. Y. 402.) I am satisfied that material and triable issues of fact are presented in this case and it therefore follows that the defendant company is not entitled to summary judgment.
The principle of implied covenants was set forth in Kirke La Shelle Co. v. Armstrong Co. (263 N. Y. 79, 87) in the following language: “ in every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing.” The good old rule of implied covenants as set forth in the Armstrong case-was again indorsed by our Court of Appeals in Mutual Life Ins. Co. of N. Y. v. Tailored Woman (309 N. Y. 248, 254).
It is not believed that the defendant company in this case can avoid liability for the percentage rental by abandoning the leased premises. Such would seem to be. the holding in Genet v. President etc., Delaware & Hudson Canal Co. (136 N. Y. 593). So the question as to whether the defendant company did or did not abandon the leased premises presents an issue for determination at the trial, together with the issue as to whether there was an implied covenant to keep the defendant company’s business in operation to the termination of the lease so as to enable the landlord to receive the percentage rental.
The motion is denied, with $10 costs to the plaintiff to abide the event.
Submit order accordingly.