Filed 8/25/25  Sierra Asset Investments v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| SIERRA ASSET INVESTMENTS, LLC, | C101500 |
| Plaintiff and Respondent, | (Super. Ct. No. CL0001025 ) |
| v. | |
| MARK G. JONES, | |
| Defendant and Appellant. | |

This appeal arises from an unlawful detainer judgment.  In pro. per. defendant and appellant Mark G. Jones contends the trial court erred by granting summary judgment to plaintiff and respondent Sierra Asset Investments, LLC (Sierra).  Sierra had acquired Jones's residence at a trustee's sale, and it sought to have Jones removed from the premises.  Jones contends he introduced evidence of triable issues of material fact on the elements of an unlawful detainer action set forth in Code of Civil Procedure section 1161a.  (Statutory section references that follow are to the Code of Civil Procedure.)  We disagree and affirm the judgment.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

Sierra acquired title to real property located in Truckee at a trustee's sale. The trustee under a prior deed of trust had foreclosed on the property. Jones was the trustor under that deed of trust. Upon completion of the sale, Sierra received a trustee's deed upon sale naming it as the grantee. The trustee's deed was recorded on August 14, 2023.

Despite the sale, Jones remained on the property. On August 15, 2023, Brian Grocott, a member of Sierra, served a three-day notice to quit on Jones by posting a copy of the notice on the premises's door and by mailing a copy of the notice to Jones at the premises's address. More than three days passed, and Jones remained in possession of the premises without Sierra's permission or consent.

Sierra filed this action for unlawful detainer on August 24, 2023. Although the trial court entered a default judgment against Jones, it subsequently vacated the default and allowed Jones to file a motion to strike. Jones sought to strike the complaint based on various alleged procedural deficiencies.

On the same day he filed his motion to strike, Jones filed a motion to consolidate the unlawful detainer action with a wrongful foreclosure action he had filed against Sierra and others. He alleged that the wrongful foreclosure action, *Jones v. Reamer* (Nevada County Sup. Ct., 2023, CU0000795), and this action arose from the same facts, and the foreclosure action concerned complex issues of title that could not be resolved in, but were germane to, this unlawful detainer action. Consolidating the actions would also allow Jones to obtain discovery ordinarily available in civil actions concerning his title claims which he could not obtain in the unlawful detainer action.

The trial court denied the motion to strike, and it ordered Jones to file a responsive pleading, which he did. The trial court also later denied the motion to consolidate, concluding the two actions did not concern common and material issues of law and fact.

2

Sierra filed a motion for summary judgment. The trial court granted the motion. It ruled that Sierra proved by competent evidence all elements of an unlawful detainer action, and Jones "failed to establish by competent counter declaration any material issue of triable fact." The court entered judgment in favor of Sierra and awarded damages of $40,690 plus costs of suit. It also issued a writ of possession.

The county sheriff executed the writ, and possession was restored to Sierra on July 24, 2024.

DISCUSSION

I

*Standard of Review*

A motion for summary judgment in an unlawful detainer action is granted or denied on the same basis as a motion under section 437c. (§ 1170.7; Cal. Rules of Court, rule 3.1351.) A plaintiff's motion, such as the case here, contends there is no defense to its action. (§ 437c, subd. (a)(1).) To establish there is no defense, the moving plaintiff must prove "each element of the cause of action entitling the party to judgment on the cause of action." (§ 437c, subd. (p)(1).) If the plaintiff meets its burden, the burden shifts to the defendant to show "that a triable issue of material fact exists as to the cause of action or a defense thereto." (*Ibid*.)

A triable issue of material fact exists if the evidence and inferences therefrom would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing summary judgment in accordance with the applicable standard of proof. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, 856.) The motion for summary judgment is granted if all papers submitted show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).)

3

We review an order granting summary judgment de novo. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) We consider all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. (*Ibid.*) We view the evidence in the light most favorable to the opposing party, liberally construing its evidentiary submission while strictly scrutinizing the moving party's own showing. We resolve any evidentiary doubts or ambiguities in the opposing party's favor. (*Saelzler v. Advanced Group* 400 (2001) 25 Cal.4th 763, 768.)

II

*Sierra's Proof of Each Element*

To prevail on an unlawful detainer action under section 1161a, Sierra must establish: (1) the property was sold in accordance with Civil Code section 2924 under a power of sale contained in a deed of trust; (2) title under the sale has been duly perfected; (3) Sierra has served a three-day written notice to quit the property upon Jones; and (4) Jones is holding over and continues in possession of the property. (§ 1161a, subd. (b)(3).) We turn to the evidence introduced by Sierra to determine whether it established each element of unlawful detainer.

A.    Sale in accordance with Civil Code section 2924

To establish it is a proper plaintiff in an unlawful detainer action under section 1161a, Sierra must show it acquired the property at a regularly conducted trustee's sale under Civil Code section 2924. (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255.) The sale must be conducted in accordance with the requirements of Civil Code section 2924g, subdivision (a), which requires, among other things, that the property be sold at public auction to the highest bidder in the county where the property is located. (*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1250.) Because of the summary nature of the action, Sierra "need only prove a sale in compliance with the statute and

4

deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title." (*Cheney v. Trauzettel* (1937) 9 Cal.2d 158, 160.)

Certain presumptions in favor of the purchaser of the property apply when establishing that the trustee's sale was regularly held. Upon completion of the trustee's sale and delivery of the deed, a common law rebuttable presumption arises that the sale has been conducted regularly and fairly. (*Wolfe v. Lipsy* (1985) 163 Cal.App.3d 633, 639, disapproved on another ground in *Droeger v. Friedman, Sloan & Ross* (1991) 54 Cal.3d 26, 35-36.)

A statutory presumption also exists. "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 831; Civ. Code, § 2924, subd. (c).) The conclusive presumption applies to a sale to a bona fide purchaser after the delivery of a trustee's deed containing the required recitals. (*Moeller*, at p. 832.)

To establish it acquired the property at a trustee's sale in compliance with Civil Code section 2924, Sierra introduced the sworn declaration of Brian Grocott. Grocott stated he is a member of Sierra and participates in its management. He stated that Sierra purchased the property at a trustee sale on the Nevada County courthouse steps on June 26, 2023. Grocott declared that neither Sierra nor any member or employee of Sierra had any affiliation with the foreclosing party. Upon completing the purchase, Sierra received a trustee's deed upon sale. A certified copy of the trustee's deed is attached to Grocott's declaration.

The trustee's deed contains the following recital of compliance with notice requirements and procedures: "All requirements of law regarding the mailing of copies of notices of the publication of a copy of the Notice of Default or the personal delivery of

5

the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with."

The evidence submitted by Sierra establishes that it acquired the property at a trustee's sale. The delivery of the deed and the recital on the trustee's deed also establish a rebuttable presumption that the sale was conducted regularly and properly. Whether the recital establishes a conclusive presumption of compliance depends on whether the evidence establishes that Sierra was a bona fide purchaser of the property.

For purposes of applying the presumption contained in Civil Code section 2924, a bona fide purchaser is one who pays value for the property in good faith without actual or constructive notice of any asserted rights of another. (*Melendrez v. D & I Investment, Inc. supra*, 127 Cal.App.4th at p. 1251.) The evidence establishes that Sierra paid value for the property in good faith and, as recited in the trustee's deed, did so without notice of any irregularity in the sale proceedings. Nothing in Grocott's declaration, however, establishes that Sierra acquired the property without notice of any adverse interest or made any effort to discover any adverse interests. Thus, the evidence establishes a rebuttable, but not conclusive, presumption that the sale was conducted in accordance with Civil Code section 2924.

B.    Duly perfected title

Perfection of title for purposes of an unlawful detainer action requires that the trustee's deed be recorded before the purchaser serves the three-day notice to quit. (*Dr. Leevil, LLC v. Westlake Health Care Center* (2018) 6 Cal.5th 474, 479-480.) The trustee's deed itself as well as Grocott's declaration establish that the deed was recorded on August 14, 2023, one day before Grocott served the notice to quit.

C.    Service of three-day notice to quit

To be valid, a written three-day notice to quit must be served on the person after the trustee's deed has been recorded. The notice may be served by using three available

6

methods: (1) personally delivering a copy of it to the person; (2) if the person is absent from the place of residence and his or her usual place of business, leaving a copy of the notice with a person of suitable age and discretion at either place and sending a copy by mail addressed to the person at his or her place of residence; or (3) if the addresses cannot be ascertained or a suitable person cannot be found, affixing a copy of the notice in a conspicuous place on the property and also delivering a copy to the person residing there if the person can be found, and also sending a copy through the mail addressed to the person at the place where the property is located. (§ 1162, subd. (a).)

The evidence establishes that Sierra properly served the notice to quit on Jones. Grocott declared that he served a three-day notice to quit the day after the trustee's deed was recorded. On August 15, 2023, he visited the premises and knocked on the door repeatedly, but no one responded. He then posted a copy of the notice on the premises's door in a conspicuous fashion and, after returning to his office, mailed a copy of the notice by first class mail to Jones at the premises's address. Grocott thus complied with the service requirements set forth in section 1162.

### D. Jones was holding over

Lastly, Sierra was required to establish that Jones was holding over and continued in possession of the premises more than three days after service of the notice to quit without Sierra's permission or consent. (§ 1161a, subd. (b).) Grocott declared such was the case.

Sierra thus established the elements for a judgment in unlawful detainer against Jones. This showing shifted the burden to Jones to establish a triable issue of material fact as to the elements of the cause of action or any defense thereto. We turn to that.

7

## III

### *Jones's Evidence of Triable Issues of Material Fact*

For a summary judgment motion in an unlawful detainer action, the parties are not required to comply with the "separate statement" requirements applicable to summary judgment motions in general civil litigation. (§ 437c, subd. (s); Cal. Rules of Court, rules, 3.1350(c), 3.1351.) Nonetheless, after Sierra met its evidentiary burden, the issue before the trial court was whether Jones had presented any facts which gave rise to a triable issue or a defense. (*Coyne v. Krempels* (1950) 36 Cal.2d 257, 260.)

To present facts, an opponent to a summary judgment motion must file an affidavit or other evidence demonstrating that a triable issue of material fact exists as to the cause of action or a defense. (§ 437c, subds. (d), (p); *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 162.) The opposing party may not rely on a pleading, regardless of whether it is verified. (§ 437c, subd. (p); *Coyne v. Krempels, supra*, 36 Cal.2d at pp. 262-263.) The party must produce substantial responsive evidence and make an independent showing that it has " 'sufficient proof of the matters alleged' " to raise a material issue of fact. (*Cullincini v. Deming* (1975) 53 Cal.App.3d 908, 913-914; *Sangster*, at p. 163.)

Jones opposed the summary judgment motion by submitting his own sworn declaration. The declaration includes and incorporates a copy of Jones's verified second amended complaint in the wrongful foreclosure action and his motion to strike filed in this action. In the declaration, Jones "verifie[s]" "the triable issues of material fact" set forth in the complaint and in the motion to strike that are applicable to the motion for summary judgment. The declaration contains no other assertions or descriptions of facts.

This is an inadequate showing to establish triable issues of material fact. The summary judgment statute prohibits a defendant who is opposing a motion for summary judgment from relying on the allegations or denials of its pleadings to show that a triable issue of material fact exists. (§ 437c, subd. (p)(1).) There is no valid reason why that

8

rule should not also extend to pleadings filed by the defendant in separate actions. The opposing party must set forth the specific facts establishing a triable issue of material fact in sworn affidavits or declarations. It "cannot rely on a verified pleading alone. [Citations.] And an affidavit," such as Jones's declaration, "which contains no evidentiary statements but merely repeats the general allegations of the pleading is similarly useless." (*Schessler v. Keck* (1956) 138 Cal.App.2d 663, 669.) A verified complaint, or an attempt to "verify" a motion, do not establish facts for purposes of summary judgment.

Even were we to consider the pleadings, many of Jones's verified allegations go beyond the limited scope of an unlawful detainer action. Because an unlawful detainer action is summary in character, ordinarily, only claims bearing directly upon the right of immediate possession are cognizable, and affirmative defenses and cross-complaints are permissible "only insofar as they would, if successful, 'preclude removal of the tenant from the premises.' " (*Vella v. Hudgins, supra*, 20 Cal.3d at p. 255.) Hence, an unlawful detainer judgment has very limited res judicata effect and will not prevent the disposed tenant from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties that cannot be addressed in the unlawful detainer action. (*Ibid.*)

A qualified exception to the rule that title cannot be tried in unlawful detainer arises when the action concerns property acquired through a nonjudicial foreclosure under Civil Code section 2924, such as here. In that instance, section 1161a "provides for a narrow and sharply focused examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title. (§ 1161a, subd. [(b)](3).) Thus, [the California Supreme Court has] declared that 'to this limited extent, as provided by the statute, . . . title may be litigated in such a proceeding.' " (*Vella v. Hudgins, supra*,

20 Cal.3d at p. 255.) The unlawful detainer action may encompass "only a 'narrow and sharply focused examination of title' directed at the formal validity of the trustee sale." (*Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 144.) Except to that limited extent, any allegations or facts concerning the validity of title or whether the foreclosure was wrongful are beyond the scope of the unlawful detainer action and are not relevant issues in Sierra's motion for summary judgment. We disregard all such allegations and arguments made by Jones without prejudice to him raising them in his wrongful foreclosure action.

Turning to the allegations addressed in his opening brief that contest whether Sierra acquired title at a regularly conducted trustee's sale and duly perfected its title, we again conclude that Jones has not raised facts to establish triable issues. Without introducing any facts, Jones challenges the sufficiency of the Grocott declaration on a number of grounds. He asserts there is no evidence that Grocott is an authorized agent of Sierra. Grocott, however, declared he was a member of Sierra who participated in the company's management. An owner of a limited liability company is a member, and by law where a limited liability company is managed by its members, each member is deemed to be an agent of the company and can bind it in its affairs. (Corp. Code, § 17703.01, subd. (a).) Grocott thus established he had authority to execute his declaration.

In the same vein, Jones contends Grocott did not have authority to serve and execute the three-day notice to quit, nor is there evidence Grocott actually executed service. But Grocott was an authorized agent of Sierra, and he declared under penalty of perjury that he personally served the notice to quit on Jones. Jones has offered no facts to contest Grocott's testimony.

Jones argues there was no factual foundation supporting Grocott's declarations that Sierra attended the trustee's sale, that the sale was held on the courthouse steps, or that neither Sierra nor any of its members or employees had an affiliation with the

10

foreclosing party. But Grocott declared these facts were within his personal knowledge and he could testify to them. That is substantial evidence, and it was Jones's obligation if those facts were not true to introduce facts supporting his contentions. He failed to do that.

Jones contends Grocott failed to claim he had personal knowledge of the reasons why the trustee's sale was conducted. Grocott's knowledge of why the trustee's sale was conducted was not relevant to the issues raised in the summary judgment motion.

Jones criticizes Grocott for asserting legal conclusions, such as stating title was duly perfected or there was an unlawful detainer. When we exclude the legal conclusions, we are still left with facts that support the conclusions. Grocott stated the trustee's deed was recorded, which was sufficient to show title had been perfected. Grocott stated he had complied with the notice requirements of Civil Code section 2924, and that more than three days after the notice to quit was served, Jones continued to remain in possession of the property without Sierra's consent, establishing that indeed there was an unlawful detainer. Jones introduced no contrary facts.

Jones also criticizes Grocott's testimony as to the reasonable rental value of the premises. He claims Grocott offered no factual foundation to establish the reasonable value was $130 per day. The premises's rental value was an issue that went to damages, not to the existence of an unlawful detainer. Jones was free to introduce his own evidence of rental value, but he did not.

In addition to attacking Grocott's declaration, Jones attacks the sufficiency of the unlawful detainer complaint. Jones contends the complaint was not property verified as required by section 1166, subdivision (a)(1), and its verification by Grocott was unauthorized. Section 1166, subdivision (a)(1), requires an unlawful detainer complaint to be verified and to include the typed or printed name of the person verifying. The complaint here is verified by Grocott, and the verification properly includes his printed

11

name.  Because Grocott is a member manager of Sierra, he was authorized to verify the complaint.

Jones contends that a proper proof of service of the notice to quit was not provided as required by section 1166, subdivision (a)(5).  That statute requires an unlawful detainer complaint to state specifically the method used to serve the defendant with the notice to quit.  This can be satisfied by completing all items relating to service of the notice in an appropriate Judicial Council form complaint, or by attaching a proof of service of the notice to quit.  The unlawful detainer complaint satisfied this requirement.  Attached to the complaint is a declaration of service of the notice to quit which specifically describes the manner in which Grocott served the notice to quit.

Finally, Jones argues that the complaint does not set forth the facts required by section 1166, subdivision (a)(2).  That statute requires an unlawful detainer complaint to set forth the facts on which the plaintiff seeks to recover.  The unlawful detainer complaint here adequately sets forth the relevant facts on which Sierra seeks to recover possession.

None of Jones's relevant arguments establishes the existence of a triable issue of material fact.  Sierra's uncontradicted evidence satisfied each element of an unlawful detainer action.  And because Jones did not introduce any factual evidence to the contrary, the presumption under Civil Code section 2924 that the trustee sale was regularly and properly held was not rebutted.  The trial court thus correctly granted summary judgment in favor of Sierra.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Sierra.  (Cal. Rules of Court, rule 8.278(a).)

 

 

_____

HULL, Acting P. J.

We concur:

 

 

_____

ROBIE, J.

 

 

_____

MESIWALA, J.