[Civ. No. 13862. Second Dist., Div. Two. Mar. 23, 1943.]

EARL A. BARKER et al., Plaintiffs; ERNEST DUKE-HART, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Bourke Jones, Deputies City Attorney, S. B. Robinson, Chief Assistant City Attorney, Mark A. Hall, Assistant City Attorney, and Cecil A. Borden and Wendell Mackay, Deputies City Attorney, for Appellant Department of Water and Power.

Marion P. Betty, Ben C. Cohen and Kent Rogers for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages received in an automobile accident alleged to have been caused by the: (a) defective condition of a street of defendant municipality and (b) negligence of defendant Department of Water and Power in erecting and maintaining a service pole, defendants appeal.

The record discloses these facts:

The following is a photograph of the scene of the accident hereinafter described:

The above photograph depicts a portion of Exposition Boulevard in the city of Los Angeles looking westerly approximately a quarter of a mile west of Western Avenue. At this point the boulevard lies in an easterly and westerly direction and is a "two way" street 26 feet in width from

curb to curb east of the jog and 22 feet in width west of the jog. It is divided by a white line down the center of the street which leaves a strip of 13 feet in the roadway east of Western Avenue. North of this white line, and paralleling it, is a breaker strip which runs straight ahead to the jog and terminates at the base of a service pole designated in the picture as pole "A".

The jog shown in the photograph has the effect of offsetting the street to the south about 20 to 23 feet so that the south curb of the street east of the jog, if extended west, would be about a foot or more south of the north curb of the street west of the jog. The northwest curb of the jog itself being at an angle of about 45 degrees. Back of the northerly curb along the jog is a fence or barrier about 20 feet long and 3½ to 4 feet high on both the upper and lower rails of which are painted danger warning signs of diagonal lines. The curb is painted in a similar manner.

Between 18 inches and 2 feet from the base of the curb on the jog back of the barrier just mentioned and approximately at the south end of it, defendant Department of Water and Power has erected and maintained a service pole "A" which is 17 inches in diameter. This pole as shown in the picture, for warning purposes, was equipped at its base with a number of visibility strips consisting of a substance similar to galvanized iron placed on the pole approximately 6 inches apart.

There was also installed on a mast arm attached to the pole a sodium vapor light which was 14 feet toward the center of Exposition Boulevard and 25 feet above the surface of the street.

Shortly after 6:30 p.m. October 26, 1940, plaintiff was a passenger in a 1935 model Ford or Chevrolet coupé which was being driven west on the north side of Exposition Boulevard, 4 or 5 feet south of the north curb, at a speed of about 25 miles per hour. This car was travelling about 50 feet behind another car which was going in the same direction. It was a rainy night. The windshield wiper located in front of the driver of the car in which plaintiff was riding was in operation, and the head lights on this car were also lighted, as was the sodium vapor light above mentioned.

The car immediately in front of the automobile in which plaintiff was a passenger turned to the left and safely negotiated the jog heretofore mentioned. The vehicle in which

plaintiff was travelling failed to turn to the left, but went straight ahead, hitting the pole above referred to as pole "A".

As a result of the accident, plaintiff suffered serious personal injuries. The jury returned a joint verdict against defendants in the sum of $10,000.

Defendants urge four propositions for reversal of the judgment. These will be stated and discussed hereunder seriatim:

*First: The evidence fails to disclose that:*

*(a) A dangerous condition existed on the street on which plaintiff was travelling;*

*(b) There was negligence on the part of defendant Department of Water and Power in erecting and maintaining the service pole "A" at the jog on Exposition Boulevard;*

*(c) The condition of the street or the location of the service pole "A" was a proximate cause of the accident.*

This proposition is untenable, and is governed by the facts hereinafter related together with these pertinent rules of law:

(1) The question as to whether the condition of a public street is dangerous and a menace to those travelling upon it is usually one of fact for the determination of the trier of fact, whose conclusion, if supported by any substantial evidence, will not be disturbed on appeal. (*Bigelow* v. *City of Ontario*, 37 Cal.App.2d 198, 204 [99 P.2d 298].)

(2) Evidence that other accidents have occurred at the same place in a street is some evidence that the condition there existing is dangerous. (*George* v. *City of Los Angeles*, 51 Cal.App.2d 311, 315 [124 P.2d 872]; *Bigelow* v. *City of Ontario, supra*, 205.)

(3) When it is urged that findings of fact are not supported by the evidence, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the questioned findings of fact. (*Estate of Winzeler*, 42 Cal.App.2d 246, 248 [108 P.2d 720].)

A witness who resided near the jog shown in the picture above, (the place where the accident in the present case occurred), testified that at least six times prior to the present accident, accidents had occurred at the same place and were caused by automobiles running into the guard rail and service pole "A".

Under rule 2 *supra*, this testimony was substantial evidence

to support findings (a), (b), and (c) set forth above. Therefore under rules 1 and 3 *supra,* it is unnecessary, nor would any useful purpose be served thereby, for us to discuss other evidence in the record which would support the questioned findings.

In *Norton* v. *City of Pomona,* 5 Cal.2d 54 [53 P.2d 952] our Supreme Court at pages 59 and 61 says:

"At least two previous collisions of automobiles with this pole were shown by the evidence as tending to show the dangerous character of such pole. . . . In this case it became a question of fact for the court to determine whether under the circumstances shown the maintenance of the pole and the street, separately or together, constituted negligence upon the part of either or both defendants . . . and whether such negligence, if any, proximately caused the injuries to plaintiffs, without contributory negligence on their part."

The cases of *Waldorf* v. *City of Alhambra,* 6 Cal.App.2d 522 [45 P.2d 207]; and *Robertson* v. *City of Long Beach,* 19 Cal.App.2d 676 [66 P.2d 167], relied on by defendants are factually distinguishable from the present case. In each of these cases the dangerous condition was a jog or offset in the street occurring at an *intersection* with a cross street. While in the present case the jog and service pole were not at an intersection or cross-street but came *between intersections* on an otherwise straight thoroughfare.

Therefore it became a question of fact from all the circumstances in the case for the jury to determine whether the street and service pole were negligently maintained, and were the proximate cause of the present accident. This distinction is pointed out in the case of *George* v. *City of Los Angeles,* 11 Cal.2d 303, 309 [79 P.2d 723].

 *Second: That the evidence failed to disclose that defendant municipality had notice or knowledge of the dangerous character of the condition of Exposition Boulevard at the jog shown in the picture supra.*

This proposition is likewise untenable. There was received in evidence a letter addressed to the city council of defendant municipality dated July 31, 1940, which had been written by the city engineer of the same defendant. In this letter, referring to the proposed acquisition of property so that the jog on Exposition Boulevard, now under discussion, could be eliminated, he said: "The only acquisition necessary to accomplish this improvement, including the crossing at Gram-

mercy Place, will be three pieces of railroad property and two pieces of vacant private property required to *eliminate a dangerous jog in the existing north roadway at Grammercy Place.*" (Italics added.)

There can be no doubt that this evidence was sufficient to establish knowledge upon the part of defendant municipality of the dangerous character of the condition of Exposition Boulevard at the place where the present accident occurred. (See *Arellano* v. *City of Burbank,* 13 Cal.2d 248, 256 [89 P.2d 113].)

 *Third: The trial court committed prejudicial error in instructing the jury as follows:*

*(a) "It has been stipulated that Mr. Barker, who at the time of the accident was driving the automobile in which the plaintiff was riding, is now deceased and that his death was not caused by and had no relation to the accident here involved.*

*"There is a presumption of law that all persons exercise due care for their own safety and to avoid injury to others. This presumption applies to Mr. Barker's conduct at the time of and immediately preceding the accident in question. This presumption is in itself evidence, and in considering the issue as to whether or not Mr. Barker was guilty of negligence the jury may consider this presumption of care as evidence in itself and may weigh it with any evidence opposed to it, bearing in mind, however, that in this case negligence on the part of Barker—if the jury should believe, including the presumption I have referred to, that he was negligent— is material only if such negligence was the sole proximate cause of the accident."*

From apparently conflicting opinions of appellate courts of California, the following rules may be adduced:

(1) It is error for the trial court to give an instruction such as that set forth above where the evidence introduced by the plaintiff discloses the acts and conduct of the injured party immediately prior to or at the time of the accident. (*Speck* v. *Sarver,* 20 Cal.2d 585, 587, 588 [128 P.2d 16]; *Campbell* v. *City of Los Angeles,* 28 Cal.App.2d 490, 491 [82 P.2d 720].)

(2) Whether the giving of such an instruction when the evidence of the plaintiff discloses the acts and conduct of the injured party at the time of the accident constitutes *preju-*

*dicial error* depends on the circumstances of each case. (*Speck v. Sarver, supra.*)

In view of rule 1, *supra,* since plaintiff introduced evidence which disclosed the various acts which occurred immediately prior to the time of the accident it was error for the trial court to give the foregoing instruction. However, pursuant to rule 2, we have examined the record and are of the opinion that the error was not prejudicial to defendant municipality, as all of the facts surrounding the accident were fully and fairly related to the jury, and it is not probable that had the instruction not been given a different verdict would have been reached.

Therefore we must consider the error as not prejudicial to defendant municipality, and disregard it, pursuant to the mandate of article VI, section 4½ of the Constitution of the State of California.

■ *(b) "The fact that a public utility, whether privately or municipally owned or operated, MAY have a legal right under its franchise to erect its poles on a public street, does not affect its liability, if any, for damage to persons or property proximately caused by the manner in which a pole is erected or maintained, or the location thereof in a particular place, when any of these create a danger to persons lawfully using the street, or to property of such persons."* (Emphasis added.)

Defendant Department of Water and Power urges that the foregoing instruction was erroneous for the reason that the court used the word "may" in place of the words "has" or "had" in stating that said defendant had the right, under its franchise, to erect poles on a public street. This stricture upon the instruction we deem to be hypertechnical and not worthy of further comment since, under any view of the facts in this case the error could not have been prejudicial to the complaining defendant. In other particulars the instruction is an accurate statement of the law.

■ *(c) "As to the defendant Department of Water and Power, the plaintiff must convince you by a preponderance of the evidence, first, that the maintenance of the power pole at the point in question CONSTITUTED A DANGER to persons lawfully using the street or to the property of such persons; second, that the maintenance of the pole at the place where it was located was the proximate cause, or one of the proximate causes, of the accident; and, third, that he*

*received injuries as the result of the accident."* (Emphasis added.)

The foregoing instruction was not erroneous in advising the jury, among other elements, that before defendant Department of Water and Power could be held liable, it must find by a preponderance of evidence that the power pole which said defendant maintained "constituted a danger" to persons lawfully using the street, for the reason that instructions of the trial court must be read in their entirety. The trial judge had previously instructed the jury that this defendant was liable only in the event that it was negligent in its acts. The particular instruction read thus:

"The liability, if any, of the Department of Water and Power rests upon the theory that when a city engages in a business, such, for example, as the generation, distribution and sale of electric energy, its liability is governed by the same laws which govern the liability of private corporations or persons engaging in a similar business. A corporation, whether a private company, or a municipal corporation engaged in conducting a business, is liable for injuries to persons or property proximately caused by negligence on the part of its agents or employees."

Reading the two instructions together, it is obvious that the jury must have believed that before they could render a verdict against defendant Department of Water and Power, they were required to find that the maintenance of the power pole was not only a danger to those using the street, but that it had been negligently erected and maintained. We do not pass upon the correctness of the questioned instruction standing alone. Were it the only instruction upon the subject, a different result might ensue.

■ *Fourth: The trial court committed prejudicial error in refusing to give the following instructions requested by defendant Department of Water and Power:*

*(a) "You are instructed that the defendant Department of Water and Power was and is engaged in a lawful business; that under the law it was and is said Department's privilege and duty to supply electricity to The City of Los Angeles and its inhabitants; and that it had and now has a right to use the streets for the purpose of maintaining its poles and the necessary appliances used in connection with furnishing*

*and distributing such electricity, so long as it exercised said right in a lawful and proper manner.*

*"The Funk and Wagnalls New Standard Dictionary defines the term 'street' in part, as follows,—'A public way, with buildings on one or both sides, in a city, town, or village;—street is usually held to mean the entire surface including the sidewalk and buildings abutting thereon, and so much of the depth as is, or can fairly be, used for the ordinary purposes of a street. . . . ' "*

The court properly refused to give the foregoing instruction, the subject matter thereof having been covered in instruction No. 23 which appears in paragraph (a) of the third proposition *supra*.

■ *(b) "You are instructed that the law does not require a public utility such as the Department of Water and Power, to anticipate, at its peril, all possible fortuitous circumstances under which some person might make contact with a wire or pole used in the distribution of electricity, even if such contact should result in injury to such person, or even in his death. Reasonable care, and the taking of all reasonable precautions against accident, constitute the measure of the Department's liability."*

The trial court properly refused to give this instruction. The instruction is argumentative. In addition, one of the facts which it presupposed was not supported by any evidence in the case. (*Adams* v. *Warren*, 11 Cal.App.2d 344, 348 [53 P.2d 780].) There was no evidence that the plaintiff, the car in which he was riding, or any other person came in "contact with a wire."

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 20, 1943. Edmonds, J., and Traynor, J., voted for a hearing.