[Civ. No. 16003. Second Dist., Div. Two. Nov. 26, 1947.]

ANTONIO ROWLAND, Respondent, v. THE CITY OF POMONA, Appellant.

Arlo E. Rickett, Jr., City Attorney, for Appellant.

J. B. Selters, Mark F. Jones and W. L. Engelhardt for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury and from an order deny-

ing defendant's motion for a new trial in an action to recover damages for personal injuries resulting from plaintiff's falling in a gutter maintained in a public street by defendant city of Pomona, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent) discloses these facts:

On August 26, 1945, plaintiff parked his automobile along the east curb of San Antonio Avenue, in the city of Pomona, approximately 100 feet north of its intersection with Fifth Street. San Antonio Avenue runs north and south. At the point where he parked his automobile, the curb was lowered to permit a driveway into the rear of the Fuller Rancho Market. One hundred feet south of the point where plaintiff parked, there was a pedestrian walk. San Antonio Avenue was designated as a part of the drainage system through the city of Pomona. The easterly side thereof had been constructed and paved with the intention that it should serve as a drain for waste water originating in orange groves located to the north and east of defendant city.

It had rained for three days approximately one week prior to August 26, 1945, and on the latter date there was a large area of sedimentary deposit in the east gutter which included slime and moss with about an inch of water running over the top of it. This condition had existed in the east gutter for four or five months prior to August 26, 1945. Plaintiff after parking his automobile alighted therefrom, and without paying any attention to the condition of the gutter stepped into it as he proceeded toward the sidewalk. His foot slipped from under him and his body fell to the pavement and he received personal injuries.

It is conceded that the city officials of defendant for many years prior to the accident had knowledge that waste irrigation waters flowed down San Antonio Avenue during the summer. It was likewise conceded that plaintiff had the same knowledge.

These four questions are presented for our determination:

■ First: *Was there substantial evidence to sustain findings of the foregoing facts?*

This question must be answered in the affirmative. Witnesses gave direct evidence of each of the foregoing material facts. In addition, the trial judge by stipulation of counsel viewed the premises where the accident occurred and in summarizing the case stated that he observed moss in the gutter

at the point of accident and elsewhere along the street. Such testimony and the "view"* of the judge constituted substantial evidence to sustain each and every material fact set forth above.

█ Second: *Did the evidence show that defendant had permitted a dangerous condition to exist in its street under the Public Liability Statute of 1923?* (Stats. 1923, ch. 328, p. 675; 2 Deering's Gen. Laws, Act 5619.)

This question must likewise be answered in the affirmative. The evidence as heretofore stated discloses that defendant had permitted waste water to run along the east side of San Antonio Avenue and that deposits of mud, vegetable matter, moss and slime had accumulated in the gutter. There was likewise evidence that other accidents had occurred at the same place. Testimony to this effect constituted some evidence that the condition there existing was dangerous. (*Barker* v. *Los Angeles,* 57 Cal.App.2d 742, 747 [135 P.2d 573].) Whether these facts created a dangerous or hazardous condition was a matter for the determination of the trial judge whose decision, supported as it was by substantial evidence in the instant case, is binding upon an appellate court. (*Barker* v. *Los Angeles, supra; Bauman* v. *San Francisco,* 42 Cal.App.2d 144, 153 [108 P.2d 989].)

█ There is no merit in defendant's suggestion that the water running in the gutter originated from sources outside the city limits of defendant city, or that defendant had not kept its streets in a safe condition due to its inability to obtain additional men for street work because the United States was engaged in a war. Neither one of these facts relieve defendant from liability for its negligent acts.

█ Third: *Did defendant have constructive notice of the dangerous condition which obtained in its street?*

This question must be answered in the affirmative. The law is settled that a municipality, in the absence of actual knowledge or actual notice of a dangerous condition existing in its street, is presumed to have constructive notice thereof where such condition has existed for an unreasonable length of time,

---

*Evidence received by the trier of fact in a "view" of the scene of an accident which bears on an issue in a cause is independent evidence which may be considered by the trier of fact in arriving at its conclusion, and is substantial evidence sufficient to support a finding of fact consonant with such evidence. (*Gates* v. *McKinnon,* 18 Cal.2d 179, 182 et seq. [114 P.2d 576]; *Mitchell* v. *City of Santa Barbara,* 48 Cal.App.2d 568, 573 [120 P.2d 131].)

and that it is a question of fact for the trial court to determine whether the dangerous condition in the public street has existed for a sufficient length of time to constitute constructive notice, and also whether a reasonable time to remedy the condition has existed. The determination of the trier of fact will not be disturbed where there is substantial evidence to sustain it. (*Wise* v. *City of Los Angeles,* 9 Cal.App.2d 364, 366 [49 P.2d 1122, 50 P.2d 1079].)

■ In the present case it is conceded that for many years prior to the accident defendant had knowledge that waste irrigation waters flowed down San Antonio Avenue, and there is testimony of eyewitnesses that the dangerous condition of the gutter had existed for at least four or five months prior to the accident. It is clear that such evidence was sufficient to sustain the trial court's finding of fact that defendant had constructive knowledge of the dangerous condition existing in its street.

■ Fourth: *Was plaintiff contributorily negligent as a matter of law since (a) he knew that waste water flowed down San Antonio Avenue and that sediment and other foreign matter accumulated in the gutter, and (b) when he got out of his automobile without paying any attention to the state of the gutter he stepped into it, the condition of which was obvious and conspicuous?*

This question must be answered in the negative.

(a) & (b). The determination of the trier of fact, where supported by substantial evidence as in the instant case, is binding upon an appellate court. It is evident that plaintiff lawfully parked his automobile on the east side of San Antonio Avenue and that since there was only an inch of water in the gutter it was a reasonable thing for him to proceed to step in the gutter in an endeavor to reach the adjacent sidewalk. Even though plaintiff was familiar with an existing condition which was conspicuous and observable it was still a question for the determination of the trier of fact as to whether or not plaintiff failed to use ordinary care in his conduct. (*McStay* v. *Citizens Nat. T. & S. Bank,* 5 Cal.App.2d 595, 600 et seq. [43 P.2d 560].)

The order denying the motion for a new trial being non-appealable, the appeal therefrom is dismissed. The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.