[Civ. No. 18104. First Dist., Div. Two. Feb. 5, 1959.]

NICOLAS ESA DUDUM et al., Appellants, v. CITY OF SAN MATEO, Respondent.

594

Jack H. Werchick for Appellants.

Ropers & Majeski for Respondent.

DRAPER, J.—Plaintiffs appeal from summary judgment (Code Civ. Proc., § 437c) in favor of defendant city. The action seeks damages for personal injuries allegedly suffered in the collision of an automobile driven by plaintiff Nicolas Dudum with a truck driven by defendant Goin and owned by him and other defendants. Plaintiff Nicolas, with the other plaintiffs as passengers, drove east on Second Avenue in San Mateo. The truck was traveling south on Delaware Street, and the vehicles collided in the intersection of these two streets. Plaintiffs' claim against defendant city is based upon the assertion that the stop sign at the southwest corner of the intersection—the sign which would require plaintiffs' car to stop—was obscured by a tree, thus constituting a dangerous or defective condition of public property (Gov. Code, § 53051), which, with the concurring negligence of defendant Goin, proximately caused the collision and the resulting injury to the three plaintiffs.

Validity of the summary judgment is to be determined by the sufficiency of the affidavits considered upon the motion (*McComsey* v. *Leaf*, 36 Cal.App.2d 132, 133 [97 P.2d 242]), and deficiencies in the affidavits cannot be remedied by resort to controverted allegations of the pleadings (*Kimber* v. *Jones*, 122 Cal.App.2d 914 [265 P.2d 922]; *Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244]).

Defendant city filed the affidavit of its city engineer averring that at or before the accident there was no tree growing in or forming any part of any public property at the southwest corner of this intersection, and that the only trees growing in the vicinity of the corner are situated on private property. Plaintiffs' counteraffidavit alleges that the stop sign "was obscured by the branches and foliage of a tree that was rooted not far from the stop sign." Looking to the omissions as well as the allegations of the two affidavits,

we must conclude that the sign was in fact obscured by branches and foliage of a tree, but that the obscuring tree was located upon private property. Whether the branches of this privately-owned tree overhung public property cannot be determined.

Stop signs are ''public property'' within the meaning of Government Code, section 53051. (*Irvin* v. *Padelford,* 127 Cal.App.2d 135 [273 P.2d 539]; *Ervin* v. *City of Los Angeles,* 117 Cal.App.2d 303 [256 P.2d 25]; *Rose* v. *County of Orange,* 94 Cal.App.2d 688 [211 P.2d 45].) Respondent, however, contends that the dangerous or defective condition must be found in the public property itself. It is true that in *Ervin* the stop sign fell and struck a pedestrian, in *Rose* it had fallen and had been lying on the ground for some days, and in other traffic signal cases (*Silva* v. *County of Fresno,* 63 Cal.App.2d 253 [146 P.2d 520]; *Bady* v. *Detwiler,* 127 Cal.App.2d 321 [273 P.2d 941]; *Hoel* v. *City of Los Angeles,* 136 Cal.App.2d 295 [288 P.2d 989]) the signal was itself defective.

But the rule is clear that a city's liability under Government Code, section 53051, may be based upon factors other than structural or mechanical defects. ''There can be no doubt that a dangerous or defective condition can be created by the use or general plan of operation of government operated property, as well as by a structural defect.'' (*Bauman* v. *City & County of San Francisco,* 42 Cal.App.2d 144, 153 [108 P.2d 989]; see also *Huff* v. *Compton City Grammar Sch. Dist.,* 92 Cal.App. 44 [267 P. 918].) In *Teilhet* v. *County of Santa Clara,* 149 Cal.App.2d 305 [308 P.2d 356], this court rejected the contention that ''the dangerous or defective condition contemplated by the statute must be a tangible defect and that smoke in the atmosphere over a public highway cannot constitute such a condition,'' and affirmed judgment against the county in favor of a driver whose automobile collided with another on the smoke-obscured highway.

The rule is clear that a municipality is not liable for failure to install a boulevard stop sign (*Perry* v. *City of Santa Monica,* 130 Cal.App.2d 370 [279 P.2d 92]), or to direct traffic at an intersection (*Goodman* v. *Raposa,* 151 Cal.App.2d 830, 835 [312 P.2d 65]). But once a stop sign is installed, the city's failure to maintain it properly (in the absence of determination that the protected street is no longer a through or arterial highway) creates an actionable condition of public property. (*Irvin* v. *Padelford, supra,* 127 Cal.App.2d 135;

*Rose* v. *County of Orange, supra,* 94 Cal.App.2d 688.) In the latter case the fact that the stop sign had been lying on the ground for some days before the accident might be deemed to indicate a defective condition of its supporting standard, which of course was public property. But in *Irvin,* the stop sign was wholly removed because the street light pole to which it was affixed had been taken down by city employees to repair wiring. There was no showing of any defect in the stop sign. Liability was based on the fact that its total absence, when a driver on the through street was entitled to rely on its protective presence, created a dangerous condition of public property. We are unable to distinguish a sign which is wholly absent from one which is physically present but cannot be seen by those whose vehicles it is designed to stop.

Respondent, however, stands upon the fact that the tree which obscured plaintiff's view of the sign grew upon private property. Even if it be conceded that concealment of the sign by public property would create a dangerous condition within the meaning of *Bauman* v. *City & County of San Francisco, supra,* 42 Cal.App.2d 144, the city argues that the dangerous condition resulted solely from the privately owned tree. But the affidavits may be construed to show that the tree obscures the sign only because of the location chosen for the sign by the city. The position of public property in relation to other public property, as in the juxtaposition of the sand box and the baseball area in *Bauman* v. *City & County of San Francisco, supra,* may create a dangerous condition of public property. Clearly the placing of a stop sign in a location where view of it was blocked by another item of public property, whether a light standard, another sign, or a public building, would present a like fact question as to whether a dangerous or defective condition of public property existed. Indistinguishable is a situation wherein a stop sign is so placed that private property wholly obscures it from the view of those it is intended to warn. In such situation, the placing of the stop sign in the obscured position, rather than the mere existence of the obscuring property, causes the dangerous or defective condition of the sign. The affidavits before us do not show the relative position of sign and tree. It may well be that the choice of a slightly different location for the sign would have made it fully visible and yet have met all other requirements for the placing of a stop sign.

██ We are limited to the facts shown by the affidavits (*Kimber* v. *Jones, supra,* 122 Cal.App.2d 914), and are to determine only whether the facts so shown give rise to a triable issue (*Coyne* v. *Krempels, supra,* 36 Cal.2d 257). ██ The summary judgment procedure is drastic and should be used with caution. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264].) ██ We conclude that, under the rules applicable to summary judgments, the affidavits here do not negate the existence of a triable issue of fact, and that the case must be tried rather than determined on a motion for summary judgment.

Respondent's brief suggests that there is no showing of proximate cause since plaintiff driver was not on the arterial street where, as in *Irvin* v. *Padelford, supra,* 127 Cal.App.2d 135, he could have relied on the assumption that he was protected by stop signs on the side streets. The issue of proximate cause is not raised by the affidavits and is therefore not before us at this time. ██ We note, however, that concealment of the stop sign could be a proximate cause of the collision if it be shown that defendant truck driver knew of the stop sign, relied on its protection to him as a driver on the arterial street, and so acted in such reliance that his conduct and plaintiff's failure to stop, if excused by the claimed concealment of the sign, concurred as proximate causes of the collision.

In consideration of this case, we have been limited to an inquiry whether the ultimate facts which might be found from the allegations of the affidavits show the existence of any triable issue. The evidence adduced at trial may support none of the possible fact conclusions suggested in this opinion, or may warrant findings not suggested here. Our decision in no way limits the trier of the facts, but merely determines that the case cannot be disposed of on motion for summary judgment.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.