Filed 11/8/23  Doby v. City of Lake Elsinore CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| SAMARI DOBY, | |
| Plaintiff and Appellant, | G062734 |
| v. | (Super. Ct. No. RIC2001954) |
| CITY OF LAKE ELSINORE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Riverside County, Carol A. Greene, Judge.  Reversed.

Law Offices of David Azizi, and David Azizi for Plaintiff and Appellant.

Graves & King, Harvey W. Wimer, III, Victor Wear and Brandan J. Coughlin for Defendant and Respondent.

\*          \*          \*

After Samari Doby stepped on a foreign substance lying on top of a concrete ramp, he slipped and fell. Doby filed a complaint against respondent the City of Lake Elsinore (the "City"), stating a claim for liability for dangerous condition of public property pursuant to Government Code section 835[1] (Section 835). The City moved for summary judgment, arguing Doby lacked evidence to establish the existence of a dangerous condition because at his deposition he testified he had "no idea" whether the foreign substance was algae, oil, dirt or water, or a combination thereof. The trial court granted the summary judgment motion, and Doby appealed.

Doby contends the trial court erred in granting summary judgment because he can state a section 835 claim without identifying the specific composition of the foreign substance that caused him to slip and fall. As discussed below, we agree and accordingly, reverse.

## FACTS

II.     *First Amended Complaint*

On September 10, 2020, Doby filed a first amended complaint (FAC) against the City, alleging a single cause of action for liability for dangerous condition of public property pursuant to section 835. The FAC alleged that the City failed to maintain a boat launch ramp "in a reasonably safe condition for public and private use" resulting in Doby slipping and falling "due to build up over time of excessive algae growth, the build-up of oil, grease and other substances deposited by boats."

The City filed an answer, raising numerous affirmative defenses, including that there was no dangerous condition at the time of the alleged incident.

---

[1] All further statutory references are to the Government Code, unless stated otherwise.

II. *Motion for Summary Judgment*

On September 24, 2021, the City moved for summary judgment on the FAC, arguing Doby could not establish there was a dangerous condition. Specifically, at his deposition, Doby testified that he was walking on the boat launch ramp, which is approximately 5 to 8 feet from the water line, when he slipped and fell. There was a "substance like a layer" on the ramp, but he had "no idea" what it was. "It 'might' have been algae, dirt, water or oil." It was not paper or plastic. The City argued that based on Doby's testimony, "[a]ll potential causes are equally plausible" and thus he failed to establish "what dangerous condition allegedly caused him to fall. . . ." Additionally, as a result of Doby's failure to specify the dangerous condition, he also failed to establish causation or "[t]hat the City had adequate actual or constructive notice of the condition prior to the injury, or that the City's employee created the specific dangerous condition."

III. *Opposition to Summary Judgment Motion*

Doby opposed the summary judgment motion, arguing the City failed to meet its burden to show there are no triable issues of fact on his claim. Specifically, he contended the summary judgment motion is based on the "false premise" that he "must identify with exact precision . . . the slippery foreign substance on the ramp that caused him to fall. [The City] cites no legal authority for this proposition because, of course, none exists." Doby argued his deposition testimony that he slipped on a "dark, wet slippery foreign substance on the ground" is sufficiently precise to establish the existence of a dangerous condition, despite his failure to identify whether that substance is algae, dirt, oil, water or a combination of those substances.

Doby further argued that triable issues of material fact exist which prevent summary judgment from being granted. Specifically, he noted that evidence supported a reasonable inference that the foreign substance on the ground was algae, that the City had notice of the presence of algae on the ramp, and that no documentation showed the City power washed the ramp to remove the algae prior to the incident. In support, Doby

3

submitted excerpts from his deposition and the depositions of two City employees, as well as an expert declaration.  In his deposition, Doby testified he observed "algae and floating debris" when he arrived at the location.  "He observed algae along the water line, a little higher than the water line and in between the grooves on the ramp.  He also saw algae in different areas of the lake and the lake shore."  Doby reported the incident that night to the head of security, Del Anderson, stating he slipped on algae.

Christopher Erickson, the City's Public Works supervisor, testified it was the City's intent that City employees would inspect the boat launch area every week.  When the ramp was built, the City posted signs warning that the boat ramp could be slippery and that there was algae in the lake.  The City had a policy that pressure washing would be scheduled if the employee responsible for inspecting the site noticed any buildup of algae on the ramp.  The incident occurred on September 1, 2019, but no documentation showed that City employee performed a pressure washing of the ramp in the two weeks before the incident.

Alex Canas, the sole City employee assigned to clean the ramp at the time of the incident, testified that every week, there would be some buildup of algae on the ramp, near the water.  He asserted he washed the ramp every week to remove the algae, including a few days before the incident occurred, but acknowledged he lacked documentation.

Finally, Brad P. Avrit, a safety engineer, submitted an expert declaration in support of the opposition to the City's summary judgment motion.  Avrit opined that algae or oil or a combination of algae, oil, and water would present an unsafe slipping hazard.  Avrit also opined that if the City had followed its maintenance policy and power washed the ramp every one to two weeks, Doby's fall would not have occurred.  He concluded that "the condition of the boat dock ramp covered with a dark, wet substance layer believed to be algae was a dangerous condition at the time of [Doby's] slip and fall."

4

IV. *Reply*

In its reply, the City contended that Doby must specify the exact substance which caused his fall to bring a claim for dangerous condition of public property. It argued that Doby presented no evidence that there was algae 5 to 8 feet from the water line, where he fell. The City also argued that Doby's opposition "improperly focuses on the City's inspections, power-washing, and maintenance at the subject location. This evidence purportedly establishes that the City had notice of the alleged dangerous condition of algae prior to [Doby's] injury. [¶] However, [Doby] is attempting to litigate all potential issues in this case, including issues immaterial to the grounds of the City's Motion herein. This is not yet trial. Plaintiff does not reach the issue of the City's notice of algae until [Doby] first establishes with competent evidence what substance it was that [Doby] slipped on."

The City objected to Avrit's expert declaration on the grounds of speculation and lack of foundation. Noting that Avrit did not state that he went to the accident scene, inspected the ramp or performed any analysis, the City argued Avrit lacked any information regarding "the actual slip resistance at the accident location at any time, much less at the time of the alleged incident."

V. *Order Granting Summary Judgment*

On December 14, 2021, the court granted the City's motion for summary judgment. It found that Doby failed to produce any evidence of a specific dangerous condition because he had "'no idea' what alleged substance or substances he slipped on and lacks evidence of a dangerous condition of public property." The court noted that Doby had testified seeing algae along the water line, but had admitted slipping on the ramp, 5 to 8 feet from the waterline. "Thus, even considering [Doby's] observations, there is no evidence that there was algae or the identity of any specific substance on the boat launch ramp." The court declined to rule on the City's evidentiary objections to Avrit's expert declaration because it found that evidence was not material to its ruling.

5

VI. *Motion for New Trial*

Subsequently, Doby moved for a new trial on the grounds that: (1) there was an error in law in the grant of summary judgment; and (2) that the City produced new evidence after Doby submitted his opposition that supported an inference Doby slipped on algae. Specifically, Doby argued (1) the court erred in requiring that he establish he slipped on a specific substance such as algae, and (2) the City's newly-produced evidence showed a dangerously high level of algae in the lake 13 days before the incident.

The court denied the new trial motion, concluding that (1) Doby failed to provide any case authority supporting his argument that involved a claim for dangerous condition of public property, and (2) the new evidence was "immaterial to the Court's determination that [Doby] could not prove the condition causing his fall."

Doby timely appealed.

## DISCUSSION

I. *Standard of Review*

A motion for summary judgment is properly granted "'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (*Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813.) To prevail, "[a]ll that the defendant need do is to 'show[ ] that one or more elements of the cause of action . . . cannot be established' by the plaintiff." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 (*Aguilar*), quoting Code of Civ. Proc. §437c, subd. (p)(2).) "The defendant has shown that the plaintiff cannot establish at least one element of the cause of action by showing that the plaintiff does not possess, and cannot reasonably obtain, needed evidence." (*Aguilar*, *supra*, 25 Cal.4th at p. 854.) The moving defendant must present evidence and cannot merely point out through argument the absence of evidence to support an element of the plaintiff's cause of action. (*Ibid*.)

"We review summary judgment appeals by applying the same three-step analysis applied by the trial court: First, we identify the issues raised by the pleadings. Second, we determine whether the movant established entitlement to summary judgment, that is, whether the movant showed the opponent could not prevail on any theory raised by the pleadings. Third, *if the movant has met its burden*, we consider whether the opposition raised triable issues of fact." (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 939-940.) "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) "Because a summary judgment denies the losing party its day in court, we liberally construe the evidence in support of that party and resolve doubts concerning the evidence in that party's favor." (*Creekridge Townhome Owners Assn., Inc. v. C. Scott Whitten, Inc.* (2009) 177 Cal.App.4th 251, 255.)

II. *Dangerous Condition of Public Property*

Here, the FAC alleged a single cause of action for liability for a dangerous condition of public property under section 835. "Section 835, part of the Government Claims Act (§ 810 et seq.), 'sets out the exclusive conditions under which a public entity is liable for injuries caused by a dangerous condition of public property.' [Citation.]" (*Stack v. City of Lemoore* (2023) 91 Cal.App.5th 102, 108.) Section 835 states: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶ ] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [ ¶] (b) The public entity had actual or constructive notice of the dangerous

7

condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (§ 835.)

In its summary judgment motion, the City argued that Doby lacked evidence of a dangerous condition. A condition is "dangerous" if it creates a "substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property . . . is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) Conversely, a condition is "not dangerous," if "the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property . . . was used with due care" in a reasonably foreseeable manner. (§ 830.2.) "A dangerous condition exists when public property 'is physically damaged, deteriorated, or defective in such a way as to foreseeably endanger those using the property itself,' or possesses physical characteristics in its design, location, features or relationship to its surroundings that endanger users." (*Cerna v. City of Oakland* (2008) 161 Cal.App.4th 1340, 1347-1348 (*Cerna*), quoting *Bonanno v. Central Contra Costa Transit Authority* (2003) 30 Cal.4th 139, 148-149.) The existence of a dangerous condition is ordinarily a question of fact but "can be decided as a matter of law if reasonable minds can come to only one conclusion." (*Bonanno*, *supra*, 30 Cal.4th at p. 148.)

To meet its burden on the summary judgment motion, the City submitted excerpts from Doby's deposition testimony wherein Doby testified he had "no idea" of the exact composition of the "dark, wet slippery foreign substance" on the ramp. It contends that Doby was required to identify and prove the specific substance that caused him to slip and fall to satisfy his prima facie case for dangerous condition of public property under section 835. There is no precedent for such a requirement.

8

The City relies on language from cases involving demurrers to support its contention that Doby was required to establish the exact composition of the foreign substance to state a claim under section 835.  (See *Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439 (*Brenner*) ["A claim alleging a dangerous condition may not rely on generalized allegations [citation] but must specify in what manner the condition constituted a dangerous condition."]; *People ex rel. Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1484 ["claims for damages against governmental entities must be pled with specificity"]; *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 ["Ordinarily, negligence may be pleaded in general terms and the plaintiff need not specify the precise act or omission alleged to constitute the breach of duty. . . . However, because under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable."]; *Susman v. City of Los Angeles* (1969) 269 Cal.App.2d 803, 809 ["In view of the fact that tort causes of action against public entities are now based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable."].) [2]

Those cases, however, only require that the factual allegations provide the public entity with sufficient notice of the theory of liability and comport with the essential elements of the statutory claim.  (See, e.g., *Mittenhuber v. City of Redondo Beach* (1983) 142 Cal.App.3d 1, 5 ["Because recovery is based on a statutory cause of action, the plaintiff must set forth facts in his complaint sufficiently detailed and specific

---

[2]      The City also cited similar language from *Cerna*, *supra*, 161 Cal.App.4th 1340, which involved a summary judgment motion, but the referenced language is a direct quote from *Brenner*, *supra*, 113 Cal.App.4th at p. 439, which is a case involving a demurrer.  (See *Cerna*, 161 Cal.App.4th at p. 1347.)  Additionally, *Cerna* did not involve lack of specificity of the alleged dangerous condition.  Rather, the court found that the alleged conditions were not dangerous.  (See *id.* at pp. 1351-1352.)  Thus, *Cerna* does not support the City's contention that Doby was required to specifically identify the substance that caused his slip and fall.

9

to support an inference that each of the statutory elements of liability is satisfied."]; *People ex rel. Dept. of Transportation v. Superior Court, supra*, 5 Cal.App.4th at pp.1486 [allegations concerning dirt meridian "fails to tell CalTrans in what manner the existence of the dirt median was hazardous. It fails to state whether a proper median barrier was lacking, and it fails to inform CalTrans about the nature of the relationship between the condition of the median and the injuries suffered by real parties."].)

Here, allegations that an unknown foreign substance rendered a walking surface excessively slippery and resulted in personal injury from a slip and fall are sufficiently specific to state a claim for dangerous condition of public property under section 835. The foreign substance affects a physical characteristic of the ramp, namely its slip resistance. (See *Cerna*, *supra*, 161 Cal.App.4th at p. 1347 ["A plaintiff's allegations, and ultimately the evidence, must establish a *physical* deficiency in the property itself."].) The foreign substance created a "substantial (as distinguished from a minor, trivial or insignificant) risk of injury" when pedestrians use the ramp because it created a tripping hazard. (§ 830, subd. (a).) Finally, the lack of specificity about the exact composition of the foreign substance does not foreclose the fact that a City employee might have created the dangerous condition through negligence or a wrongful act, or that the City had notice of the presence of the foreign substance and adequate time to clean up. (§ 835.) Thus, all the statutory elements of a section 835 claim are met.

Additionally, Doby's deposition testimony specifically identified the cause of the slip and fall as the foreign substance and limited the composition of the foreign substance to algae, oil, water or dirt or a combination thereof. The City does not dispute that algae or oil on the ramp can constitute a dangerous condition. (See *Sale v. San Diego County* (1960) 184 Cal.App.2d 785, 787 [street was in dangerous condition where "there was a green growth of algae on the surface of the cement under the water, making it 'very slick'"]; *Rowland v. City of Pomona* (1947) 82 Cal.App.2d 622, 625 [street gutter was in a dangerous condition where "deposits of mud, vegetable matter, moss and slime

10

had accumulated in the gutter"]; *Lorenz v. Santa Monica City High School Dist.* (1942) 51 Cal.App.2d 393, 400-401 ["The evidence produced tended not only to prove that the floor was so highly waxed and polished as to render it slippery, but that said floor was maintained in so dangerous and defective a condition that appellants' failure to properly inspect it could very readily be inferred therefrom."].)  The combination of water and dirt also can create a dangerous condition.  (See *Duran v. Gibson* (1960) 180 Cal.App.2d 753, 755 [street was in dangerous condition where "a city owned water tank truck . . . flush[ed] dirt and debris from the center divider section of the said street"].)  The City presented no evidence that in this case it would be unreasonable to conclude that water or dirt would create a dangerous condition.  In short, based on Doby's deposition testimony, the substances that may comprise the foreign substance lying on the ramp, which caused Doby to slip and fall, all can create a dangerous condition.  Because the evidence must be construed in Doby's favor, the City has not shown there is no triable issue on the existence of a dangerous condition.  (See *Biancalana v. T.D. Service Co.*, *supra*, 56 Cal.4th at p. 813 [motion for summary judgment is properly granted "'if all the papers submitted show that *there is no triable issue as to any material fact* and that the moving party is entitled to judgment as a matter of law'" (italics added).)  Accordingly, the trial court erred in granting summary judgment.[3]

---

[3]    Because we conclude summary judgment should not have been granted, the appeal from the court's denial of Doby's new trial motion is moot.

11

## DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MOTOIKE, J.